STATE EX REL. BOLDEN ET AL. *v.* JOHNSTONE ET AL.

[No. 26,711. Filed February 24, 1937.]

*Hodges, Ridgely & Davis,* for appellants.

*Norton & Norton,* for appellees.

HUGHES, J.—This is an action by the appellants, plaintiffs below, against appellees, defendants below, based upon a complaint to mandate the appellees, as members of the board of trustees of the police pension fund of the city of Gary, Lake county, to pay certain pensions provided by law.

As the court made a special finding of facts, and conclusion of law, it is unnecessary to set out the allegations of the complaint.

The error assigned is that the court erred in its conclusion of law upon the special finding of facts.

The special finding of facts was as follows:

"1. John Bolden, now deceased, became a police officer of the City of Gary, Lake County, Indiana, on or about April, 1921.

"2. The said John Bolden paid all fees, dues and assessments due the Police Pension Fund, of the City of Gary, Lake County, Indiana, as a member of said Fund.

"3. Dr. Charles W. Yarrington was a regularly appointed police physician and surgeon, during the years 1930 and 1931.

"4. That the said John Bolden died on the 9th day of September, 1933, while he was a member of the police force of the City of Gary, and also a member of the Police Pension Fund of the City of Gary, Lake County, Indiana.

"5. That Elizabeth Dora Bolden is the widow of said John Bolden, and that she has never remarried since his death.

"6. That John A. Bolden is a minor son of John Bolden, now deceased, and was born on the 18th day of September, 1923.

"7. That Elizabeth Dora Bolden, Lonnie Bolden, Bessie Bolden, Lillian Bolden and John A. Bolden are the sole heirs at law of the said John Bolden, deceased.

"8. That John Bolden, now deceased, was a member of the police force of the City of Gary, at the time the Police Pension Fund was first organized and established, in said City of Gary.

"9. That Lee Barney Clayton, Lawrence T. Studness, Eli Shayotovich, William Mallinson, Alexander H. Johnstone, Fred Metzler, Harry Caine, Herman L. Conter, now succeeded by Louis Conter since the submission of this cause, and Claude O. Dennison are the sole members of the Board of Trustees of the Police Pension Fund of the City of Gary, at the present time.

"10. That Elizabeth Dora Bolden, for herself, and on behalf of her children, made a demand upon the Board of Trustees of the Police Pension Fund, for the benefits provided for by statute, and alleged to be due her and her children, from said Board.

"11. That the Board of Trustees of the Police Pension Fund refused to pay said benefits, alleged by her to be due, and has not, since that time, paid any of said benefits.

"12. That said Police Pension Fund, and the Board of Trustees of said Police Pension Fund, have on hand sufficient money to pay all amounts alleged to be due the relators herein.

"13. That during the latter part of the year 1930, or the early part of 1931, and while he was a member of the police force of the City of Gary, and after he had been a police officer in the City of Gary, Lake County, Indiana, for more than five years continuously, the said John Bolden procured a copy of the examination blank provided by the

Board of said Police Pension Fund, and presented himself, together with said blank, to Dr. Charles W. Yarrington, for examination; that said John Bolden was then and there examined by the said Dr. Charles W. Yarrington, for the purpose of determining whether he was in sound health, mentally and physically, as required by statute relating to the Police Pension Fund; that, pursuant to said examination, the said Dr. Charles W. Yarrington found that said John Bolden was, at that time, in good health, mentally and physically, and that said Dr. Charles W. Yarrington did then and there fill in the required form, prescribed by the Board of Trustees of the Police Pension Fund of the City of Gary, and that the said Dr. Charles W. Yarrington did then and there certify in writing, in the appropriate place provided in said blank form, that said John Bolden was, at that time, in good health, mentally and physically; that after said blank form was so filled in by the said Dr. Charles W. Yarrington, and so certified to, the said Dr. Charles W. Yarrington delivered the same to the said John Bolden; that the said John Bolden did not deliver the same to the Board of the Police Pension Fund, or any member thereof, and that said Board, nor any member thereof, did not at any time ever receive said examination form so filled in and certified to by the said Dr. Charles W. Yarrington.

"14. That no certification, in writing, of the result of any examination, made by Dr. Charles W. Yarrington, as to the state of health, mentally and physically, of John Bolden, was ever received by the Secretary, or any other member of the Board of the Police Pension Fund of the City of Gary, Lake County, Indiana, and that said Board did not carry the name of John Bolden on its books, as an officer having taken the so-called second, or five-year examination.

"15. That no information or knowledge that John Bolden ever claimed to have taken any medical or surgical examination, after having served five consecutive years, upon the Gary police force, was ever brought to the attention of the Board of Trustees of said Pension Fund of the City of Gary, Lake County, Indiana.

"16. That during the early part of each of the years 1931, 1932, and 1933, the said Board of

Pension Fund of the City of Gary, by its Secretary, caused to be posted, on the police bulletin board in the police station, once each year, a notice and request that all police officers, who had not taken their final or five-year examination, do so; and said notices, and each of them, carried among others, delinquent in that respect, the name of John Bolden, and that John Bolden saw said notices and read the same, and had full knowledge that his name was posted as one who had not taken the second or five-year examination."

The conclusion of law was with the defendants.

The theory of the appellants is that the decedent, John Bolden, passed his five-year physical examination, and, as a result, he and his dependents would be entitled to benefits for injuries or death suffered from any cause.

The Act under which the appellants are seeking relief is known as the Police Pension Fund Act of 1925, ch. 51, p. 167. The Act should receive a liberal construction to effect the object sought to be accomplished by it. As said in the case of *Colton* v. *Board of Trustees* (1919), 287 Ill. 56, 61, 122 N. E. 73:

"The purpose of the pension act is beneficial, and statutes of that character should be liberally construed in favor of those intended to be benefited."

The main question to be decided in this case is, Did the decedent, John Bolden, sufficiently comply with the act in question, so as to become a full member of the pension fund?

The third clause of the third subsection of section 48-6402 Burns 1933 (§11818 Baldwin's 1934) provides:

"After having served for five (5) successive years on such police force, every member thereof shall be examined by the police surgeon or other surgeon appointed by the board of trustees of the pension fund for that purpose. If such surgeon shall then certify in writing that such member so examined is in good health, mentally and physically, such member or his dependents shall thereafter be entitled to share in all benefits due for disease, in-

jury, death or disability suffered or contracted thereafter so long as he may be an active or retired member of said force and regardless of whether the same was contracted or suffered in the actual performance of his duty or otherwise.

"If upon such examination such surgeon shall certify that such member is in good health, mentally and physically, except for some disease, injury or disability resulting from prior personal injury suffered in the actual discharge of his duty, such member shall have the right to be re-examined in the same manner as (at) any subsequent time, and if upon any such re-examination such surgeon shall certify that such member is in sound health, mentally and physically, such member and his dependents shall be entitled thereafter to share in all the benefits to which he might have been entitled if accepted upon his original examination."

In finding thirteen it is found that in the latter part of 1930 or the early part of 1931 and while a member of the police force of Gary, and after he had been a police officer for more than five years, the decedent, John Bolden, procured a copy of an examination blank provided by the board of said police pension fund, and was examined by Dr. Charles W. Yarrington, the regular police physician and surgeon; that the said Dr. Yarrington found that the said Bolden was at that time in good health, mentally and physically, and filled the required form as prescribed by the board to this effect; that, after the said Dr. Yarrington filled the prescribed form as to the health of Bolden, he delivered the same to Bolden, but the same was never delivered to the board.

It was found in finding fourteen that no certification as to the result of the examination was ever received by the board or by any of its members.

In finding sixteen it was found that during the early part of the years 1931, 1932, and 1933, the board caused to be posted on the police bulletin board in the police station a notice and request that all police officers who had not taken their five year examination do so, and

that notice carried the name of John Bolden; that he saw said notice, and had knowledge of the same.

Under the facts as found by the court, it appears that the decedent substantially complied with the foregoing provision of the statute. He submitted to an examination before the physician and surgeon of the board, and was found in good health, mentally and physically. There is nothing in the provisions of the law which required or compelled the decedent to see that the certificate of the board's physician and surgeon was properly filed with the board. When he submitted himself for the examination and was found to be in good health, he then brought himself within the provisions of the act, and was entitled to all the benefits thereunder. Any failure on the part of the representative or agent of the board to do his duty could not work to the disadvantage and harm of the decedent, or his widow, or his dependents. We think the language "If such surgeon shall then certify in writing that such member so examined is in good health, mentally and physically" means a certification by the surgeon to the board of the condition of the health of the one examined. This is a duty to be performed by the physician and surgeon, and, if he fails to perform, it—the failure—cannot be charged to the one examined.

It clearly appears that Dr. Charles W. Yarrington was the regularly appointed police physician and surgeon at the time of the examination of John Bolden. The notice in finding sixteen was to the effect that Bolden and others had not taken the examination, and not that he had failed to file a certificate thereof. Conceding that he saw the notice, he knew that he had taken the examination, and it is found specifically that the representative or agent of the board knew that he had taken it. We think that the facts

found in finding number sixteen had no binding or legal effect on Bolden.

It is stated by appellees that John Bolden failed to comply with the by-laws, rules, and customs of the board. This case is in this court on the special finding of facts and conclusions of law. There is no claim that the facts are not properly found, and there is no finding that the board had any by-laws, rules, and customs; nor is there any finding that Bolden did not comply with the rules, by-laws, and customs, except that he did not file with the board the examination report which we have heretofore discussed.

It is charged by appellees that no demand was made for the payment of the amount due appellants before suit was filed. It is, however, specifically found in finding ten:

"That Elizabeth Dora Bolden, for herself, and on behalf of her children, made a demand upon the Board of Trustees of the Police Pension Fund, for the benefits provided for by statute, and alleged to be due her and her children, from said Board."

And, in finding eleven, it is found that the board refused to pay benefits alleged by the widow to be due.

It is insisted by appellees that the appellants have failed to comply with Rule 6 of this court in that the assignment of errors fails to contain the full names of all parties to the judgment. Appellees say that one Lee Barney Clayton was a party to the judgment below; that in the assignment of errors the name of Lee B. Clayton appears. The record in this case, including the special finding of facts and briefs of the appellees and appellants, justifies the conclusion that Lee B. Clayton and Lee Barney Clayton is one and the same party, and a sufficient compliance with rule 6.

It is also insisted that Louis F. Conter, an appellee, was never a party by any proper order of the court in

the court below. Louis Conter, after the submission of the cause to the court below, succeeded Herman Conter as city treasurer of the City of Gary, and *ex officio* member of the police pension fund of the City of Gary. It is clear that Louis Conter was made a party as a member of the board and not in his individual capacity. The record shows that he succeeded Herman Conter as treasurer of the City of Gary, and was made a party because the treasurer of said city was *ex officio* a member of the police pension fund. It sufficiently appears that Louis F. Conter and Louis Conter are one and the same party.

We are of the opinion that the court erred in its conclusion of law, and that the judgment should have been for the appellants.

Judgment reversed with instructions to the lower court to re-state its conclusion of law in favor of appellants.