STATE EX REL. DONAHUE *v.* BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF INDIANAPOLIS ET AL.

[No. 26,657. Filed April 2, 1937. Rehearing denied April 29, 1937.]

644

*Dixson H. Bynum,* and *C. K. McCormack,* for appellant.

*Victor R. Jose,* for appellees.

FANSLER, J.—This is an action in mandate to compel the appellee board to pay to the relatrix certain benefits as the surviving dependent mother of a member of the firemen's pension fund. The amount of the payments is fixed by statute and rules of the board. It was found as a fact that the relatrix had made proof of her dependency, and that the board of trustees of the firemen's pension fund had disallowed her claim because of doubt concerning the law, and recommended that she bring suit. The only question below, and the only question presented here, is whether a dependent mother is entitled to benefits from the fund where there are children surviving and no surviving widow.

Appellees criticize appellant's brief, and contend that it does not conform to the rules, but the question involved clearly appears, and the errors assigned, to which propositions, points, and authorities are directed, can be clearly understood.

Appellees contend that, since there is no finding that the board of trustees did not abuse their discretion or act fraudulently or in a discriminatory manner, the action will not lie, and that there can be no appeal from an administrative board to a court

unless specifically authorized by the legislature. But this action is not an appeal, and the plaintiff did not rely upon an abuse of discretion or fraudulent or discriminatory action. The statute makes certain provisions for payment of benefits upon the death of a member of the pension fund. The board has no discretion with respect to paying one who is within the class defined by the statute, and mandate will lie to compel the payment. There is a provision that proof may be required showing that the applicant is within the class, and there is a finding that this proof was made. If the statute is to be construed as contended for by appellant, the appellee board had no discretion, and could be mandated to pay.

Section 48-6506 Burns' Ann. St. 1933, section 11828 Baldwin's Ind. St. 1934, in so far as it affects the rights of the parties, is as follows: "When any member of such fire force, or retired member on the pension fund thereof, dies, from any cause whatsoever and leaves a widow to whom he was married at the time of his retirement, or child or children under eighteen (18) years of age, the board of trustees shall authorize the payment to such widow, while unmarried, and to any child or children under eighteen (18) years of age, monthly, from the pension fund, the sum or sums provided in the next section; or if any deceased member shall have a dependent mother or father, upon satisfactory proof that such mother or father was mainly dependent upon such deceased member of the fire force, the board of trustees shall authorize the payment to such mother or father monthly, from the pension fund, the sum provided in the next section: Provided, however, That no pension shall be paid to the mother or father of a deceased member who leaves a widow; . . . Provided, further, That if there be no widow, and no child or children, and no dependent father or mother, but brothers or sisters who were mainly dependent upon

such deceased member of the fire force, then such pension shall be paid to them."

The question presented is whether the dependent mother is entitled to the payment of benefits where there is a surviving child under the age of eighteen, and no surviving widow. Simplified, the first provision is that, when a member dies leaving a widow or child, the board shall pay to the widow and to the child. This must necessarily be construed to mean that, when a member dies leaving a widow, the board shall pay to the widow, or, leaving a child, the board shall pay to the child, or, leaving a widow and child, the board shall pay to the widow and child. The word "or" between the words "widow" and "child" is not used to mark an alternative, nor is it always to be treated as implying the necessity of an election between one or the other of two things. Bouvier's Law Dictionary, Vol. 3, p. 2422. Simplified, the second part of the provision is that, if he shall leave no widow and leaves a dependent mother, the board shall pay the mother. The effect of the proviso that the mother shall not be paid if there is a widow, is the equivalent of the language last used. But the construction urged by appellees would require that the provision be interpreted to mean that if he shall leave no widow *or child,* and leaves a dependent mother, the board shall pay the mother. This contention would have more force if the sentence in the statute ended at the colon before the proviso. In that case it might be urged with some force that the "or" after the semicolon was used to mark an alternative. But if the word "or" was used as marking an alternative, the surviving dependent mother or father would be excluded if there was a surviving widow or child, and the proviso which excludes them from benefits only where there is a surviving widow, without mentioning a surviving child, is contradictory, inconsistent, and confusing. It

is unnecessary, serves no purpose, and has no meaning. But it is a cardinal rule of construction that effect and meaning must be given to all the language of an act where it is possible. The only way in which the proviso can be given effect is to treat the word "or" as not implying an alternative, and to treat the proviso as indicating the only condition under which a surviving dependent mother or father is not to participate. In construing language of doubtful meaning, and where there is nothing to indicate a contrary intention, courts have generally adopted the maxim, *"expressio unius, exclusio alterius."* It is applicable here, and it must be concluded that, since the mother is expressly excluded if there is a surviving widow, she is impliedly included under all other circumstances. The provision in the clause concerning brothers or sisters, that they shall be paid benefits "if there be no widow, and no child or children, and no dependent father or mother," supports the conclusion that, had it been intended that a dependent mother or father should not benefit if there was a child or children, the proviso would have so stated.

The court erred in its conclusions of law.

Judgment reversed, with instructions to restate the conclusions of law, and enter judgment for appellant.