BD. OF TRUSTEES, POLICE PENSION FUND, CITY OF TERRE HAUTE, INDIANA, ET AL. *v.* STATE OF INDIANA EX REL. RUSSELL.

[No. 30,856. Filed September 28, 1966.]

*Mann, Mann, Chaney, Johnson & Hicks,* and *Hansford Mann,* of Terre Haute, for appellants.

*N. George Nasser,* of Terre Haute, for appellee.

MYERS, J.—This was an action based upon a complaint for mandate by relator Carl M. Russell ex rel. the State of Indiana against the Board of Trustees of the Police Pension Fund of the City of Terre Haute (hereinafter referred to as the Board) and the individual members thereof to mandate the

Board to order relator to appear before an examining physician appointed by the Board for the purpose of undergoing a physical examination as required by law and to delete a requirement adopted by the Board that any one becoming a member of the Police Pension Fund must be at least five feet nine inches in height. An answer in two paragraphs was filed by respondents setting up the requirement of the Board as an affirmative defense. A reply was filed by relator which closed the issues. Trial was held by the Hon. Joe W. Lowdermilk, as Special Judge, without the intervention of a jury. A stipulation was agreed upon by all the parties as comprising all the evidence in the cause, and it was introduced as such. Omitting formal parts, it reads as follows:

"Relator and respondents stipulate and agree that the following comprise all the evidence in said cause and shall be introduced in evidence as such.

"It is stipulated and agreed by the parties to this action that on July 16, 1963, the Board of Public Works and Safety of the City of Terre Haute, Indiana, selected Relator and others for appointment to the Police Department of the City of Terre Haute, pursuant to the recommendation of the Mayor of said city, and directed Chief of Police Riddle to cause Relator to appear before the Board of Trustees of the Police Pension Fund of the City of Terre Haute, Indiana, to submit to a physical examination as said Board of Trustees required for membership in said Police Pension Fund of said city.

"That said Board of Trustees of said Pension Fund, the respondents herein, on July 16, 1963, refused to refer Relator to said Police Pension Fund's physician for purpose of having Relator examined by their physician as a prerequisite to appointment to the Police Department of the City of Terre Haute and for membership in said Police Pension Fund of said city, for the reason Relator did not meet the height qualifications established by said Board of Trustees for membership in said Police Pension Fund.

"It is further stipulated and agreed that on October 17, 1962, respondents as Trustees of the Police Pension Fund of the City of Terre Haute passed and adopted a requirement, that as part of the physical examination for membership in said Pension Fund, an applicant for mem-

bership in said Pension Fund must be not less than five feet nine inches in height.

"It is further agreed and stipulated that Relator at time of his application for membership in said Police Pension Fund, to-wit, July 16, 1963, he was five feet eight inches, which fact was before the Board of Trustees of the Police Pension Fund at the time it refused to send Relator to the Police Pension Fund doctor.

"It is further agreed and stipulated that the Board of Public Works and Safety on April 6, 1963, adopted a resolution, pertaining to the height of a police applicant wherein an applicant must be not less than five feet eight inches in height in their stocking feet and not less than 150 pounds nor more than 225 pounds in weight, sound in body and health . . . That Relator meets these qualifications.

"It is stipulated and agreed that respondents contend they have a legal right to set the minimum height of five feet nine inches as part of their physical examination for admission to said Pension Fund. Relator disputes this right and says that the height of any applicant is not part of a physical examination.

"It is stipulated and agreed that Relator, who is and was five feet eight inches, contends the Board of Works and Safety's rule pertaining to the height of five feet eight inches is the necessary prerequisite for admission to the Police Department and makes him eligible to membership in said Police Pension Fund. Respondents disagree with this contention and say that their rule of five feet nine inches is binding on any applicant.

"That said parties hereto submit this stipulation to the Court so that same may be made a part of the record in said cause for final determination by this Court."

Thereafter a decree was entered which, omitting formal parts, reads as follows:

"The parties having heretofore entered into an agreed stipulation of facts in this cause in lieu of other evidence, and the Court having taken its finding under advisement, and now having considered the stipulation of facts submitted, the briefs on the law, and being duly and fully advised in the premises, now finds for the Relator, Carl M. Russell, that he is entitled to an order of this Court requiring the defendants, Board of Trustees of the Police Pension Fund of the City of Terre Haute, Indiana, Ralph

Tucker, Frank Riddle, Paul B. Sheehan, George Maloof, Carl L. Belt, John S. Beasley, Gerald E. Walls, James L. Swift, James E. Michaels, as members of the Board of Trustees of the Police Pension Fund of the City of Terre Haute, Indiana, to designate the medical physician to accept the relator as a candidate for the purpose of undergoing such physical examination as required by law. Said examinations is [sic] to be effective as of July 16, 1963, and thereafter.

"IT IS THEREFORE ORDERED AND ADJUDGED AND DECREED by the Court that the respondents, Board of Trustees of the Police Pension Fund of the City of Terre Haute, Indiana, and said individual members thereof, are hereby mandated and ordered to have relator to appear before an examining physician appointed by such Board of Trustees and for the purpose of said relator submitting to a physical examination as required by law; said examination to be effective as of July 16, 1963, and thereafter.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that said Board of Trustees of the Police Pension Fund of the City of Terre Haute, Indiana, and said members thereof, who are the respondents herein, are mandated and ordered forthwith to delete from its physical examination requirements all matters pertaining to the minimum height of candidates for appointment to the police department of the City of Terre Haute, Indiana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said relator herein present himself for a physical examination before an examining physician appointed by such Board of Trustees as required by law and said respondents herein are mandated and ordered to have the physical examination for said relator to determine if he is lawfully entitled to become a member of the police department of the City of Terre Haute, Indiana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay the costs of this action."

Motion for new trial was filed based upon the ground that the decision of the court was contrary to law which was overruled, and this appeal followed. Appellants assign as error the overruling of the motion for new trial.

It is argued by appellants that the decision is contrary to law because it constitutes an invasion by the trial court

of the exclusive province of the Board of Trustees to determine just what physical requirements should be passed by applicants to the police force and Pension Fund. In support of their contention, they cite Burns' Ind. Stat., § 48-6407, 1963 Replacement, which says in pertinent part:

"No person shall be appointed or reappointed as a member of the police force of any such city [this section includes the City of Terre Haute] unless he shall successfully pass such physical examination as may be required by the trustees of the police pension fund of such city."

Also cited are subsequent sections of the statute which refer to police officers who were in active service at the time of passage of the act who (1) belonged to the Pension Fund (Burns', § 48-6407), and those who (2) did not belong at the time of passage of the act (Burns', § 48-6408). The former were required to have previously passed physical examination required by the Board of Trustees, and the latter were required to successfully pass such physical examination as required by the Board before they were entitled to benefits.

Appellants say in their brief (pp. 34-35):

"The purpose of the physical examination is obvious. It is to prevent the pension fund from being excessively drained by the appointment of policemen not meeting the highest standards of health and physical ability. This purpose is covered in the express powers granted the trustees."

It is then argued that large men make better policemen than small men, because their size enables them to "enter rough saloons and remove troublemakers without incident; whereas smaller men would be set upon and mauled without hesitation;" that the "policeman who lacks sufficient size is going to get hurt if he attempts to physically handle these every day situations;" that "it requires no genius to realize that big men are seldom chosen as victims by bullies."

Appellants say that these are facts which the Pension Board knows and should consider; that the Board of Trustees is required to set up the requirement of a physical examination,

and has some discretion in so doing; that a requirement that a policeman be five feet nine inches in height is not a gross abuse of that discretion.

We agree with appellants when they state that the purpose of the physical examination is to place men on the police force with the highest standards of health and physical ability. We do not agree to their argument that big men make better policemen than little men. There are many men in the sports field, such as lightweight boxing, wrestling, baseball and football, who are less than five feet nine inches in height who could clean a saloon of its drunks and troublemakers without injury to themselves, and who would make excellent bodyguards for men taller than they are. It is not the height that counts; it is the physical condition, strength and health of the individual, whatever his size.

As far as we are able to determine from the record herein, the physical examination required by the Board consisted of an examination of the applicant by a physician in regard to his physical condition. The word "physical" has been stated to mean:

> "Relating or pertaining to the body, as distinguished from the mind or soul or the emotions; material, substantive, having an objective existence, as distinguished from imaginary or fictitious; real, having relation to facts, as distinguished from moral or constructive." *Black's Law Dictionary, Fourth Edition,* p. 1304.

"Physical examination" has been defined as:

> "An examination of the bodily functions and conditions of an individual as *a:* an examination to determine the fitness of an individual for a particular purpose * * *." *Webster's Third New International Dictionary,* p. 1706.

The case of *State ex rel. Bolden* v. *Johnstone* (1937), 211 Ind. 281, 6 N. E. 2d 706, pertained to Section 2, Chapter 51, of the Acts of 1925, page 167; Burns' Ind. Stat., § 48-6402 (Third). This particular section was deleted by the Acts of 1941, Chapter 188, Section 2, page 565. It provided for a

regular five-year examination for police officers by a police surgeon or other surgeon appointed by the Board of Trustees of the Pension Fund. If found in good health, mentally and physically, the police officer and his family were entitled to share in the benefits provided. The police officer was duly examined by a regular police physician who found him in good health, both mentally and physically. The physician certified thereto, but his certificate never reached the Board. The officer brought an action in mandate against the Board. The trial court denied the petition on the ground that the officer's name did not appear among the records of the Board as one who had taken the required examination. This court reversed on the basis that if, in fact, the examination had been taken and passed, it was not up to the officer to see to it that the certificate should be received by the Board. In so doing, this court said (at page 287 of 211 Ind., at page 709 of 6 N. E. 2d) :

> "When he submitted himself for the examination and was found to be in good health, he then brought himself within the provisions of the act, * * *."

The name of the police applicant in the case at bar was presented to the Board of Trustees in order to take the physical examination. This was denied him by a majority of the Board because he was not five feet nine inches in height. The Board had passed this height requirement in 1962. It operated as a condition precedent for any one who applied to be a member of the police force. We do not find that the Board had any express or implied power to create such a condition precedent to the taking of a physical examination.

It is a general rule that any administrative tribunal is governed by the powers, both express and implied, which are granted it by the Legislature in the enactment of the statute creating it. 1 Am. Jur. 2d, *Administrative Law*, §§ 69-70, pp. 864-866. The powers granted the Board of Trustees are set forth in Burns' Ann. Stat., § 48-6401, 1963 Replacement, the pertinent part of which reads as follows:

"Such board shall have the power to make all necessary by-laws for meetings of the trustees, the manner of their election, the counting and canvassing of the votes therefor, the collection of all moneys and other property due or belonging to such funds, and all matters connected with the care, preservation and disbursement of the same, as well as all other matters connected with the proper execution of the purposes and provisions of this act [§§ 48-6401—48-6406] in relation to such police fund."

In no way can we read in this sentence that the Board is empowered to do anything other than to arrange for the collection, preservation and disbursement of pension monies and to take care of other matters connected with the proper execution of the act. This does not include Burns' Ind. Stat., § 48-6407, 1963 Replacement, *supra,* a different act of the General Assembly, which refers to the appointment, reappointment and age limit of members of the force. In this section the only power granted to the Board is to require a physical examination of persons appointed or reappointed to the police force. The only discretion which the Board may have is in the establishment of the type of physical examination required by the statute. It has no authority to create a system of weights and measures to take place prior to such physical examination affecting those who wish to become members of the police force.

It is only the results of the physical examination which determine whether an applicant may become a member of the police force. If he is found in good health, he is within the provisions of the statute. *State ex rel. Bolden v. Johnstone* (1937), 211 Ind. 281, 6 N. E. 2d 706, *supra.* The height of an applicant and other similar matters such as his size and weight, could be considered by the examining physician as relating to his health.

In attempting to establish a standard which had to be met by an applicant before he became entitled to a physical examination, the Board of Trustees exceeded its powers. It had no discretion therein, so mandate will lie. *State ex rel. Donahue v. Bd. of Tr. Firemen's Pen. F.* (1937),

211 Ind. 643, 7 N. E. 2d 196. The only manner in which such a standard could be established would be by action of the General Assembly similar to what it has already done in creating an age limit for police officers. See Burns' Ind. Stat. § 48-6407, 1963 Replacement, *supra*.

Appellants state that the application form for the Indiana State Police advises applicants that they must be at least five feet nine inches in height, and that "this does not mean ■ 5′ 8 15/16″." The powers granted to the Superintendent of the State Police with the approval of the State Police Board in connection with applications for service as State Troopers are very broad and different from those considered herein. He has powers to set standards for qualifications which are in conformity with standards adopted in other states, dominions and provinces. This could include the height of the applicant. Burns' Ind. Stat., § 47-848, 1965 Replacement. The manner of selection of State Troopers cannot be compared to that of city police officers.

Appellants attempt to insert into the argument the fact that the trial court's decree of physical examination be backdated as of July 16, 1963, claiming that this would circumvent the law prohibiting appointment to the police force of persons over thirty-five years of age. Burns' Ind. Stat., § 48-6407, 1963 Replacement, *supra*. A copy of relator's birth certificate was placed in the brief to show he was over thirty-five at the time appellants' brief was filed, and still had not been appointed to the force.

This case was tried on a stipulation of facts. Not having been set aside or withdrawn, it is conclusive upon the parties and the court. *Bruggner* v. *Shaffer* (1965), 138 Ind. ■ App. 183, 210 N. E. 2d 439. No mention was made or included in the stipulation or in the record herein concerning the above contention. Therefore, we shall not consider it.

Judgment affirmed.

Rakestraw, C. J., and Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 886.