CHARLES WAYNE MORRIS *v*. CITY OF EVANSVILLE ET AL.

[No. 771A141. Filed May 3, 1972.]

*Howard P. Trockman, Thomas M. Swain, Trockman, Lloyd, Flynn & Swain,* of Evansville, for appellant.

*Matthews & Shaw,* of Evansville, *Mark P. Lockwood,* of Princeton, for appellee.

LYBROOK, J.—Plaintiff-appellant (Morris) brought this action for reinstatement to the Evansville Fire Department and

appeals from the judgment of the trial court granting appellees' Motion for Summary Judgment.

After the trial court held a hearing and permitted the parties to introduce evidence pursuant to Rule TR. 56(E), IC 1971, 34-5-1-1, the court entered the following judgment with memorandum attached:

"This cause having come on to be heard on the 2nd day of February, 1971 on the motion of the defendants' for Summary Judgment filed herein on the 18th day of January, 1971 and on the plaintiff's Motion for Summary Judgment filed herein on the 26th day of January, 1971 and the supporting affidavits of such motions for Summary Judgment and the Court having considered the pleadings in the action, the stipulations of the parties made on the 2nd day of February, 1971 and having heard all testimony from the plaintiff and the defendants in support of their motions and having requested that the parties file briefs in support of their motions and the parties having filed said briefs and the Court having found that there is no genuine issue of facts to be submitted to the Trial Court, and the Court having taken this cause under advisement during the filing of said briefs and having considered the briefs of the parties filed herein, and now being duly advised in the premises, overrules the plaintiff's Motion for Summary Judgment and sustains the defendant's Motion for Summary Judgment and finds that the defendant's Motion for Dismissal is now rendered moot and that the defendants are entitled to judgment as a matter of law.

IT IS THEREBY ORDERED, ADJUDGED AND DECREED, by the Court that the plaintiff's Motion for Summary Judgment is in all respects overruled and the defendant's Motion for Summary Judgment is in all respects granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that judgment be entered for the defendants with costs to be paid by the plaintiff.

/s/ Morris S. Merrell
Morris S. Merrel, Judge
Vanderburgh Superior Court

## MEMORANDUM

It is the opinion of this Court that it is clearly the law that the Board of Safety has the authority to make rules and regulations for the appointment of members of the fire

department. This authority includes the authority to establish a height regulation and to establish a probationary period. The Court cannot substitute its judgment for that of the Board as to the height requirement so long as the Board acts within reason even though the Court may disagree with the Board as to specific minimum height. Reasonable men may differ in their opinion as to such requirement. It cannot be said that the Board acted unreasonably, arbitrarily or capriciously in this regard. Therefore, the height regulation of the Board should not be disturbed by the Court.

Moreover, the plaintiff, Charles Wayne Morris, made a known false representation on his application as to his height which was material. This fact alone would have justified his dismissal during the probationary period by the Chief or Board under the rules of the Board.

/s/ Morris S. Merrell
Morris S. Merrell, Judge,
Vanderburgh Superior Court"

Appellant timely filed his Motion to Correct Errors which was overruled by the court and he now appeals.

There is virtually no dispute as to the facts of this cause as shown by the record. On September 14, 1970, Morris was employed by the defendant city as a fireman after he had previously applied for such employment on April 15, 1969. In his sworn application, Morris stated his height to be 5 feet 8 inches. On July 31, 1970, Morris was given a physical examination by Dr. Melvin L. Faw, examining physician for the City of Evansville. In passing Morris, Dr. Faw stated that Morris "meets the physical requirements for employment," and noted in his report that Morris was five feet eight inches in height.

On November 12, 1970, while on duty, Morris was ordered to report to Dr. Faw for reexamination. Upon remeasuring him, Dr. Faw found his height to be five feet seven inches.

On November 17, 1970 Delmar Ice, Fire Chief, City of Evansville, Indiana, wrote a letter, notifying Morris of its contents, which read as follows:

"November 17, 1970

The Honorable Board of Public Safety
City of Evansville
Evansville, Indiana

Gentlemen:
I wish to inform the Board that I have terminated the services of Charles Wayne Morris, who was appointed a probationary fireman on September 14, 1970. Mr. Morris falsified his application and has also failed to meet the requirements as specified by the Firemen's Pension Board.

Respectfully yours,
/s/ Delmar Ice
Delmar Ice, Chief
Evansville Fire Department

DI/jl"

On the same date the letter was presented to the Board of Safety at their meeting. The Board took no official action except to make the letter a part of their minutes.

There is no evidence in the record to suggest that Morris had not capably performed his duties and in fact the parties stipulated at the hearing that:

". . . the sole and only reason forming the basis of the discharge of the plaintiff, Mr. Morris, is this proceeding on the date mentioned in the complaint was based upon his height which was determined at the time of his discharge by an examining physician to be five foot seven as opposed to five foot eight."

This appeal seems to resolve itself into two issues which appellees set forth in their brief as follows:

"(1) Can the City of Evansville by its Safety Board and/or Pension Board establish a nine month probationary period for the employment of all firemen during which probationary period probationary firemen may be discharged with or without cause and without compliance with the hearing and notice requirements of Burns Indiana Statutes, 48-6105. (2) Can the City of Evansville by its Safety Board and/or Pension Board establish a minimum height requirement which must be met by all fireman applicants."

The statute governing the dismissal of firemen is IC 1971, 18-1-11-3; Ind. Ann. Stat. § 48-6105 (Burns' Supp. 1971), which provides in part as follows:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. On the conviction in any court of a member of the said fire or police force, including police radio operators and police signal and fire alarm operators, of any criminal offense, or upon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay.

\* \* \*

Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision.

\* \* \*

Any such decision of the board shall be deemed prima facie correct and the burden of proof shall be on the party appealing. All such appeals shall be tried by the court unless written request for jury be made not less than five [5] days before the date set for said hearing, and shall be heard de novo upon the issues raised by the charges upon which the decision of the board was made, which charges shall be deemed to be denied by the accused person. Within

ten [10] days after the service of summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case, and inspection thereof by the person affected, or by his or her agent, shall be permitted by the board before such appeal is filed, where so requested. Each party may produce such evidence as it may desire, relevant to the issues, and the court upon such appeal shall review the record and decision of such board. . . . [Acts 1905, ch. 129, § 160, p. 219; 1933, ch. 86, § 1, p. 577; 1935, ch. 282, § 1, p. 1395; IC 1971, 18-1-11-3; Acts 1971, P. L. 252, § 1, p. 976.]"

The Board of Safety of the City of Evansville, Indiana passed a resolution on December 5, 1967, providing, *inter alia:*

"BE IT RESOLVED that whenever a vacancy occurs in the Fire Department of the City of Evansville, the Board of Public Safety shall upon written request of the Chief of such department, appoint the person having the highest grade on the eligibility list for said department to fill such vacancy; the person appointed shall be enrolled as a member of such Fire Department: Provided, however, That before such person is enrolled as a member of such department, he shall be required to pass such physical examination as may now or hereafter be required by law or required by pension fund law, and he must still be of good character.

BE IT FURTHER RESOLVED that every appointment to the Fire Department shall be for a probationary period of nine (9) months of actual service. If at any time during the probationary period, the conduct or capacity of the probationer is found not to be satisfactory, which fact shall be determined by the Board of Public Safety without a hearing and without right of appeal, the probationer shall be notified in writing by the Board of Public Safety that he will not receive a permanent appointment, whereupon his appointment shall cease; otherwise, his retention in the service after the expiration of the probationary period shall be equivalent to and shall constitute his final and permanent appointment."

In his complaint plaintiff charges, *inter alia,* that his discharge was arbitrary and capricious in that it was based on regulations of the Board of Safety of the City of Evansville, Indiana and the Evansville Firemen's Pension Board, which

set a minimum height of 5 feet 8 inches, and that said regulations were likewise arbitrary and capricious.

Before we proceed to a consideration of the two issues raised in this appeal, it will be necessary to examine the following rules and resolutions passed by the above Boards, in addition to the resolution of the Board of Safety, *supra*.

On March 1, 1957, the Evansville Firemen's Pension Board resolved that:

"All Fireman applicants, stripped, must be at least 5 feet 8 inches (68 inches) and under 6 feet 8 inches (80 inches) in height".

On June 1, 1968, the Board of Safety adopted the following rules:

\* \* \*

"All applicants are required to have 20/20 vision in each eye without glasses.

"Pass physical examination by Clinic or doctors chosen by Pension Board.

"Pass physical fitness test at Y.M.C.A. All tests shall be paid for by the applicant.

"Height and weight requirements are as follows:

| Height | Inches | Weight Minimum | Maximum |
|--------|--------|---------|---------|
| 5-8 | 68 | 146 | 180 |
| 5-9 | 69 | 150 | 185 |
| 5-10 | 70 | 154 | 190 |
| 5-11 | 71 | 158 | 195 |
| 6-0 | 72 | 162 | 200 |
| 6-1 | 73 | 166 | 205 |
| 6-2 | 74 | 170 | 210 |
| 6-3 | 75 | 174 | 215 |
| 6-4 | 76 | 178 | 220 |
| 6-5 | 77 | 182 | 225 |
| 6-6 | 78 | 186 | 230 |
| 6-7 | 79 | 190 | 235 |

"Working Tests

"Sec. 273: All appointees to the Department shall serve a probationary period of nine (9) months, during which

time they shall be subjected to work tests in order to determine their ability and willingness to perform their duties. During such period of nine (9) months, appointees shall be subject to dismissal by the Chief or Board without reason being given thereof, except that no probationary appointee shall be dismissed during the probationary period solely for reasons of politics.

"Sec. 274: Should it be determined during the probationary period that an appointment has been made by fraud or fraudulent representations, then such appointee may be dismissed by the Chief or Board without further cause."

Was appellant entitled to the protection of the provisions of IC 1971, 18-1-11-3; Ind. Ann. Stat. § 48-6105 (Burns' Supp. 1971), *supra?* Are "probationary" firemen entitled to the same rights as permanent firemen under this statute? Both questions, in our opinion, must be answered in the affirmative, the above rules and resolutions notwithstanding.

In *Bd. of Trustees* v. *State ex rel. Russell* (1966), 247 Ind. 570, 219 N. E. 2d 886, the court restated the boundaries for administrative boards by saying:

"It is a general rule that any administrative tribunal is governed by the powers, both express and implied, which are granted it by the Legislature in the enactment of the statute creating it."

It is of more than passing interest that IC 1971, 18-1-11-3; Ind. Ann. Stat. § 48-6105 (Burns' Supp. 1971), *supra,* contains no reference to and makes no distinction concerning "probationary" firemen. On the contrary the statute contains such phrases as *"Every member* of the fire and police forces" and, *"Any member* of such fire or police force who is dismissed". (Emphasis supplied.)

It is true that in IC 1971, 19-1-5-2; Ind. Ann. Stat. § 48-6151b (Burns' 1963), the following appears:

"The term 'firemen' and 'policemen' as used in section 1 [§ 48-6151a] of this act, means and includes all firemen and policemen employed by cities, and includes fire and

police signal operators, but excludes firemen or policemen serving a period of probation, and volunteer firemen. [Acts 1947, ch. 80, § 2, p. 247]."

The above section of the statute limits itself to providing for minimum compensation for policemen and firemen.

It clearly appears that the Legislature did not intend to make any distinction between "probationary" firemen and regular firemen except for purposes of establishing their minimum compensation. Since the rules and resolutions of the appellee boards set out above tend to destroy the rather broad protection of the statutes, we hold that the statute prescribing the procedure for dismissal of policemen and firemen governs.

Since we are deciding this case on the second issue, perhaps further discussion of the first issue is not necessary. In passing, it should be noted in all fairness, that Morris never requested a hearing from the Board of Safety nor did said Board actually discharge him. The record shows that the only action the Board ever took was to incorporate Chief Ice's letter into the minutes of the meeting.

We now proceed to consider the second issue, concerning the power of either the Firemen's Pension Board or the Board of Safety to establish a minimum height requirement for fireman applicants. There is no Indiana statute prescribing a minimum height for either policemen or firemen applicants. In the case of police applicants, IC 1971, 19-1-15-1; Ind. Ann. Stat. § 48-6407 (Burns' 1963), reads in part as follows:

"No person shall be appointed or reappointed as a member of the police force of any such city unless he shall successfully pass such physical examination as may be required by the trustees of the police pension fund of such city."

The statutory power given to a Firemen's Pension Board is set out in IC 1971, 18-1-12-2; Ind. Ann. Stat. § 48-6502 (Burns' 1963), as:

"The said board of trustees shall have the management and control of the said firemen's pension fund and of all matters therewith legitimately connected, and shall manage, use and disburse the same for the purposes hereinafter specified. The board shall have power to adopt and enforce such by-laws as may be necessary to enable it effectively and properly to carry into execution the purposes for which it was organized: Provided, That such by-laws shall not in any wise contravene the provisions of this act or the ordinances of such city."

IC 1971, 19-1-37-18; Ind. Ann. Stat. § 48-6532 (Burns' 1963), states that:

"No person who is over the age of thirty-five (35) years or who fails to pass the physical examination required by the board of trustees shall be appointed, . . . as a member of the fire force of any city contemplated in this Act."

The statutes governing policemen and firemen are quite similar. They both require that the applicant pass a physical examination but neither specifies any minimum height, weight or other standard.

A leading case in point is *Bd. of Trustees* v. *State ex rel. Russell, supra.* This was an action to mandate the deletion of a minimum height requirement from the Police Pension Fund Regulations of the City of Terre Haute. In that case the Board's minimum height requirement was five feet nine inches and the applicant was five feet eight inches in height. The trial court mandated the respondent, Board of Trustees of the Police Pension Fund, to forthwith delete from its physical examination requirements, all matters pertaining to the minimum height of candidates for appointment to the Police Department of the City of Terre Haute. The Police Pension Fund contended, as appellees contend here, that deletion of such rule would invade the province of the Pension Fund to determine the necessary physical requirements for aspiring policemen and also that such regulation was within their discretion.

The Indiana Supreme Court in affirming the trial judge said:

"The only discretion which the Board may have is in the establishment of the type of physical examination required by the statute. It has no authority to create a system of weights and measures to take place prior to such physical examination affecting those who wish to become members of the police force.

"It is only the results of the physical examination which determine whether an applicant may become a member of the police force. If he is found in good health, he is within the provisions of the statute. *State ex rel. Bolden* v. *Johnstone* (1937), 211 Ind. 281, 6 N. E. 2d 706, *supra.* The height of an applicant and other similar matters such as his size and weight, could be considered by the examining physician as relating to his health.

"In attempting to establish a standard which had to be met by an applicant before he became entitled to a physical examination, the Board of Trustees exceeded its powers.

"It had no discretion therein, so mandate will lie. *State ex rel. Donahue* v. *Bd. of Tr. of Firemen's Pen. F.* (1937), 211 Ind. 643, 7 N. E. 2d 196. The only manner in which such a standard could be established would be by action of the General Assembly similar to what it has already done in creating an age limit for police officers. See Burns' Ind. Stat. § 48-6407, 1963 Replacement, *supra.*"

In *Mobley* v. *City of Evansville* (1960), 130 Ind. App. 575, 167 N. E. 2d 473, the court observed that:

"It has been held that where administrative bodies have been created by the Legislature, the rules they make must be reasonable and reasonably adapted to carry out the purpose or object for which these administrative boards were created. [Citation omitted.] If they are in conflict with the state's organic law, or antagonistic to the general law of the state, or 'opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards,' they are invalid." [Citation omitted.]

*Mobley, supra,* is also authority for the proposition that a fireman can be removed only in accordance with the statutory

provision and that the cause for dismissal will be declared insufficient unless it bears some reasonable relation to his fitness and capacity to hold his position. The court said in part:

> "The Indiana Tenure Act provides that a municipal fireman may be removed for any cause other than politics, but. a municipality cannot remove a fireman at. pleasure, but only in accordance with statutory provision. Burns' 1950 Repl., § 48-6105; *City of Ft. Wayne* v. *Hazelett* (1939), 107 Ind. App. 184, 23 N. E. 2d 610. One of the statutory causes for removal is 'neglect or disobedience of orders.' Burns' 1950 Repl., § 48-6105, *supra.*

> "Our Supreme Court has held that if the cause for dismissal bears no reasonable relation to a policeman's or fireman's fitness or capacity to hold his position, the court must declare void a dismissal. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596; *Roth* v. *State ex rel. Kurtz* (1902), 158 Ind. 242, 254, 63 N. E. 460, 464. In the *Roth* case the court said as follows:

> " 'The statute declares in general terms that the removal must be for cause, and this, as the authorities affirm, necessarily and reasonably implies that the cause intended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof.' "

In the *Mobley* case, *supra,* the Board of Public Safety had ordered that all members of the Evansville Fire Department were prohibited from tending bar in taverns. The Appellate Court held that there was no proof that serving as a bar tender affected the capacity of a fireman any more than book binding, baby sitting or other outside endeavors and ordered the fireman reinstated.

In *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544, the Indiana Supreme Court in a case involving a policeman said:

> ". . . no cause is a legal cause unless it bears a legal relation to the policeman's fitness for holding the position, or his incapacity to discharge its duties." [Citations omitted].

Again, in *Bole* v. *Civil City of Ligonier* (1959), 130 Ind. App. 362, 161 N. E. 2d 189, 242 Ind. 627, 181 N. E. 2d 236, the court, in construing the dismissal statute, concluded:

"With this statute in mind, the sole question presented to this court is, whether the decision of the circuit court as to the decision of the Board has a reasonable relation to the fitness or capacity of the appellant so as to justify his dismissal. If the answer is in the negative, this court must reverse the trial court. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596. Our courts have repeatedly held that the Legislature intended policemen to hold their positions during good behavior. Their tenure is fixed within the meaning of that statute. *State ex rel. Felthoff* v. *Richards, supra; Roth* v. *State ex rel. Kurtz* (1902), 158 Ind. 242, 63 N. E. 460; *Shira* v. *State ex rel. Ham* (1918), 187 Ind. 441, 119 N. E. 833.

"As was stated in the *Richards* case, *supra* (at pp. 641, 642, 643, 644 of 203 Ind., at page 598 of 180 N. E.) :

" 'The General Assembly has recognized the sound public policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties. In order to protect this tenure of position the General Assembly has provided for a hearing on proper notice for a policeman or fireman under charges. . . .

" '. . . There is no mystery in this problem. Any one of common understanding knows that the General Assembly intended to stop the indiscriminate dismissal of firemen and policemen each time there should be a change in political control of a city administration.

" 'To give effect to this purpose the statute requires that a dismissal must be for cause; and to further protect the person under charges he is entitled to have a hearing and to have "the written reason for such removal" entered upon the records of the board. The statute forbids "politics" being considered a "cause"; and under the decisions of this court no "cause" is a legal cause unless it bears a reasonable relation to the policeman's or fireman's "fitness for holding the office, or his incapacity to discharge the duties thereof." ' "

In the case at bar there is no evidence of probative value that Morris either failed to perform his duties or that a person of his height lacked the capacity to be a fireman.

As Dr. Faw, the Evansville Fire Department physician, stated: "This young man meets the physical requirements for employment by the Fire Department."

Since it is obvious that Morris was dismissed for a reason bearing no logical relationship to his fitness or capacity to be a fireman, we are of the opinion that his attempted dismissal was void under the above line of authority.

We are further convinced that the minimum height regulations of the respective Boards were each arbitrary and capricious and that we are bound by *Bd. of Trustees* v. *State ex rel. Russell, supra.* Regarding Morris' alleged false representation as to his height, we believe the evidence is conflicting and that there is an unresolved issue of fact sufficient to withstand a Motion for Summary Judgment.

Considering appellant's testimony in its most favorable light; he stated that he thought he was in fact five feet eight inches in height when he made his application and that he relied on the fact that his height was stated as five feet eight inches on his driver's license. Dr. Faw measured the appellant twice and reached a different result each time. In oral argument before this court counsel for appellee stated that he could not say that Morris had deliberately falsified his height or that his statement was fraudulent but that it was only "incorrect". Since more than one reasonable inference can be drawn from the evidence, a summary judgment will not lie.

Appellant has shown that the height regulation of the United States Armed Forces prescribes a minimum of five feet. As his counsel has observed, this places Morris in the unusual position of being more than physically qualified to lay down his life for his countrymen, including the good citizens of Evansville, but of insufficient stature to be permitted to put out a fire.

We accordingly hold that this cause is reversed with instruction to overrule defendant's Motion for Summary Judgment and for further proceedings not inconsistent with this opinion.

Robertson, P.J., and Lowdermilk, J., concur.

NOTE.—Reported in 281 N. E. 2d 910.