MORGAN COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION
v. INDIANAPOLIS POWER AND LIGHT COMPANY.

[No. 1173S220. Filed November 2, 1973.]

*H. Richard Miles,* of Martinsville, *Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, for appellant.

*Marcus E. Woods, Paul L. Butt,* of Indianapolis, *Charles M.*

*Wells, Jon D. Noland, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellee.

HUNTER, J.—This case arises from a proceeding brought by a municipally franchised utility (plaintiff-appellee, Indianapolis Power and Light Company, hereinafter IPALCO), seeking to condemn property of another utility (defendant-appellant, Morgan County Rural Electric Membership Corporation, hereinafter REMC). IPALCO is a municipally franchised utility serving the town of Mooresville; REMC serves the outlying community of that area. The town of Mooresville recently annexed a non-contiguous parcel of land which is the site of the Kendrick Memorial Hospital. This annexation was made pursuant to IC 1971, 18-5-10-30.1, Ind. Ann. Stat. § 48-727a (Burns' 1972 Cum. Supp.), which provides as follows:

> *"Annexation of certain noncontiguous areas by towns.*—Notwithstanding any other provision in this chapter, the town board of any town may, by ordinance, annex territory which is not contiguous to the boundaries of such town where such territory is declared to be occupied by a municipally owned or regulated sanitary landfill, golf course, hospital or hospital as defined in IC 1971, 16-10 [§§ 42-1448—42-1465, 42-1601—42-1620] ; Provided, however, That should the territory so annexed cease to be used or occupied for the purpose of operating a municipally owned or regulated sanitary landfill, golf course, hospital or hospital as defined in IC 1971, 16-10, the area shall cease to be considered annexed to the town and shall revert to the jurisdiction of the unit of government having such jurisdiction prior to annexation. [IC 1971, 18-5-10-30.1, as added by Acts 1971, P. L. 263, § 2, p. 1051.]".

The territory which was annexed had previously been rendered electric utility service by REMC. Because the territory was now annexed by the town and was thereby made a part of the municipality, IPALCO (the utility franchised by the municipality) sought to condemn certain electric utility property located within the annexed territory. This condemnation was sought pursuant to IC 1971, 8-1-13-19, Ind. Ann.

Stat. § 55-4418a (Burns' 1972 Cum. Supp.), which provides in pertinent part as follows:

"Municipality annexing territory served by electric utility—Purchase of property—Condemnation—Whenever a municipality in which a public utility * * * is rendering electric utility service under a franchise, license or indeterminate permit * * *, annexes additional territory and such annexed territory includes any territory in which the franchised utility was not authorized to render electric utility service immediately prior to such annexation but in which some other public utility * * * was lawfully rendering electric utility service at such time, then the franchised utility and the other utility shall promptly negotiate for the purchase by the franchised utility of the property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein. In the event that such property has not been purchased by the franchised utility within 90 days after such annexation takes place, then the franchised utility may bring an action in the circuit or superior court of the county where such municipality * * * is located against the other utility, as defendant, for the condemnation of such property of the other utility. Until and unless such purchase or condemnation is effected, the other utility shall have authority to operate within the portion of the annexed territory in which it was lawfully rendering electric utility service immediately prior to such annexation."

This statute (Section 55-4418a) quite clearly provides for condemnation by the municipally franchised utility (IPALCO) of territory served by another utility (REMC) when the municipality annexes that territory. However, REMC argues that legislative intent and public policy require that such condemnation not be permitted when the territory is annexed pursuant to Section 48-727a, *supra*. That is, REMC contends that such condemnation should not occur where the area annexed by the municipality is *non-contiguous*.

The trial court overruled the objections of REMC and appointed appraisers to proceed with the condemnation appropriation. REMC took an appeal to the Court of Appeals for the Third District. The Court of Appeals reversed, holding

that the Legislature did not intend the term "annexes" in section 55-4418a, *supra,* to apply to an annexation conducted pursuant to section 48-727a, *supra.* 293 N. E. 2d 237.

IPALCO has filed a petition to transfer with this Court. In its petition to transfer, IPALCO makes the following contention:

"The decision of the Court of Appeals is in error in that such decision erroneously decides a new question of law in holding that . . . § 55-4418a . . ., which authorizes an electric utility serving a municipality to purchase or condemn the property of another electric utility rendering service in [the] annexed . . . territory, does not confer such a right of condemnation as to *non-contiguous* territory annexed to a municipality pursuant to . . . § 48-727a. . . ."

The holding of the Court of Appeals is contrary to a literal reading of the statutes involved. Section 55-4418a (*supra*) refers simply to annexation of "additional territory" and makes no distinction between contiguous and non-contiguous territory. The Court of Appeals took the position that the two statutes at issue here "deal with entirely different subject matters . . ." 293 N. E. 2d at 241. We disagree. Both statutes deal with annexation, though one states what may be annexed while the other states what should occur once an area is annexed.

To justify judicial interpretation, a statute must be unclear or ambiguous. *State* v. *Rice* (1956), 235 Ind. 423, 134 N. E. 2d 219. Here, the language of the statutes is clear and unambiguous. By placing limitations upon the application of section 55-4418a, the opinion below is in contravention of, not in furtherance of, the purpose of that statute. Section 55-4418a facilitates the regular growth of municipalities by helping to assure that they will have the convenience of uniform rates, regulations, and conditions of service made possible through the municipal government system. There appears to be no question that, should a contiguous area served by an REMC be annexed by a municipality, the condemnation by the municipally franchised

utility could proceed. There seems to be no compelling reason (absent express statutory provision) why the same rule and policy reasons should not apply to the annexation of non-contiguous territory.

In the area of policy considerations, it should also be noted that IPALCO has proposed an interesting question. What will happen in the likely event that the intervening territory between the present town boundary and the annexed non-contiguous territory is eventually annexed by the municipality? The Court of Appeals' holding would seem to indicate the *then contiguous* territory which was annexed pursuant to § 48-727a could not be served by the same utility which serves the rest of the municipality.

The Court of Appeals has rejected the literal application of these statutes because of its conception of legislative intent and certain public policy considerations. However, this Court must not ignore the rule that there is a strong presumption that the Legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject. *McClarnon, et al.* v. *Stage, Executor, et al.* (1939), 215 Ind. 157, 19 N. E. 2d 252. If the Legislature did not intend that § 55-4418a apply to the annexation of non-contiguous land parcels, it had merely to so state. No such intent should be inferred from its silence on the matter:

> "The most common rule of statutory interpretation is the rule that a statute clear and unambiguous on its face need not and cannot be interpreted by a court and only those statutes which are ambiguous and of doubtful meaning are subject to the process of statutory interpretation. . . ." *Sutherland Statutory Construction,* § 4502 (3rd Edition).

Furthermore, our Legislature has set forth rules on statutory construction in IC 1971, 1-1-4-1, Ind. Ann. Stat. § 1-201 (Burns 1967):

> "*Statutes, how construed.*—The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:

"First. Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import. . . ."

The plaintiff, REMC, contends that in order for IPALCO to condemn the annexed territory it was necessary to first obtain a certificate of convenience and necessity from the Public Service Commission. However, there is no controversy here as to which party had the initial right to service the property. The initial service right in REMC is undisputed. Therefore, nothing is presented for the Public Service Commission to determine. *Morgan County REMC* v. *Public Service Company of Indiana* (1970), 253 Ind. 541, 255 N. E. 2d 822.

The REMC further contends that the annexed territory is not occupied by a municipally owned or regulated hospital and that, therefore, the annexing ordinance is invalid. With respect to this contention, there is absolutely *no* evidence in the record to support a finding that the hospital is privately owned. Moreover, REMC has stipulated that the annexing ordinance was "duly passed and adopted." As we have previously stated, such stipulation is conclusive upon the parties and the court. *Board of Trustees* v. *State, ex rel. Russell* (1966), 247 Ind. 570, 219 N. E. 2d 886. Therefore, REMC's attack upon the annexation procedure must likewise fail. *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17.

For all the foregoing reasons, transfer is granted, and the judgment of the trial court is hereby affirmed.

Arterburn, C.J., DeBruler and Givan, JJ., concur; Prentice, J., dissents.

NOTE.—Reported in 302 N. E. 2d 776.