HART, SCHAFFNER & MARX v. CAMPBELL.

[No. 16,838. Filed January 22, 1942.]

*Henry L. Humrichouser* and *Seebirt, Oare & Deahl,* all of South Bend, for appellant.

*Oscar B. Thiel,* of Gary, for appellee.

Stevenson, J.—Hart, Schaffner and Marx, a corporation, prosecutes this appeal from the award of the Industrial Board by which Mary L. Campbell was awarded compensation for injuries sustained by her on the 24th of December, 1938, while in the employment of Hart, Schaffner and Marx.

The sufficiency of the assignment of errors in this court is challenged, by Mary L. Campbell, as being so defective in form as to present no question. The assignment of errors, as filed in this court, is entitled: "Mary L. Campbell, Plaintiff vs. Hart Schaffner and Marx, a Corporation and Weyers, Incorporated, Defendants." Immediately preceding this title are the words: "Before the Full Industrial Board of Indiana." It is urged that this caption is wholly insufficient to constitute a valid assignment of errors.

While the assignment of errors should designate the court to which the appeal is taken, it has been held that failure so to do is not fatal. The transcript to which the assignment of errors is attached was properly and timely filed with the clerk of this court. The jurisdiction of this appeal is in the Appellate Court alone, and the body of the assignment of errors is substantially in the language of the statute. Failure, therefore, to designate in the assignment of errors the court to which this appeal is taken is not sufficient within itself to compel a dismissal of this appeal. *Rogers* v. *State, ex rel. Beatty* (1901), 26 Ind. App. 144, 59 N. E. 334.

It is next contended, however, that Hart, Schaffner and Marx, a corporation, should be named as appellant in the caption of the transcript of the assignment of errors, and that Mary L. Campbell should be designated as the appellee. Proper practice requires that the name of the appellant should be first set forth in the caption of the assignment of errors, and designated as appellant immediately preceding the abbreviation vs., and the names of the appellees, designated as such, should immediately follow. Failure to properly designate the parties as appellants or appellees, however, does not affect the jurisdiction of the court, nor is it cause for dismissing the appeal. § 2-3214, Burns' 1933; *Nation* v. *Green, Exr.* (1919), 188 Ind. 697, 123 N. E. 163. It is sufficient if the names of all parties, as set forth in the judgment, are set forth in the assignment of errors. Failure to name all parties to the judgment appealed from in the caption is not a prerequisite to jurisdiction, where the names of all parties, both appellant and appellee, appear in the body of the assignment of errors. *Collins* v. *State* (1913), 53 Ind. App. 488, 101 N. E. 1022; *Town of Windfall City* v. *State, ex rel. Wood* (1910), 174 Ind. 311, 92 N. E. 57; *Modern Brotherhood v. Matkovitch* (1914), 56 Ind. App. 8, 104 N. E. 795.

It may be further noted that the appellee in this case filed a motion to dismiss this appeal, in which the form and sufficiency of the assignment of errors was unchallenged. This motion to dismiss this appeal was overruled, and the appellee has filed a brief on the merits. By so doing, it is our opinion, that the appellee has waived any irregularity as to the formal parts of the assignment of errors. We think that the assignment of errors sufficiently advised this court as to who is appellant and who are appellees in this case,

notwithstanding the erroneous form of the caption. No sufficient cause for dismissal of this appeal has been presented. We shall, therefore, proceed to consider this on its merits.

Hart, Schaffner and Marx, a corporation, as appellant, contends that the award of the Industrial Board is contrary to law, first, for the reason that the evidence wholly fails to establish any relation of employer and employee between the appellant and Mary L. Campbell.

The board found that the said Mary L. Campbell was in the employ of Hart, Schaffner and Marx, a corporation, on December 24, 1938, at an average weekly wage of $15.00, and on said day sustained a personal injury by an accident arising out of and in the course· of her employment. The board then found as follows:

"It is further found that the injury sustained by the plaintiff was caused by her falling through a trap door in the business house known as Weyer's, Inc., in which she fell a distance of about ten feet and fell in a sitting position on the floor below, injuring the lower part of the spinal column.

"And it is further found, that the place where the accident happened was apparently owned by Weyer's, Inc., but the Full Industrial Board now finds that all of the officers except the President of Weyer's, Inc., were officers of Hart, Schaffner and Marx, of Chicago, Illinois.

"And it is further found that the President of Weyer's, Inc., was the only one of the officers of Weyer's, Inc., that wasn't an officer in the Hart, Schaffner and Marx, of Chicago, Illinois.

"It is further found that Hart, Schaffner and Marx directed the work of the plaintiff and that she made reports of the daily transactions to Hart, Schaffner and Marx.

"It is further found that as a matter of fact the real owners and operators of the store known as Weyer's, Inc., was Hart, Schaffner and Marx, a corporation of Chicago, Illinois; that Hart, Schaffner and Marx was the employer of the plaintiff; that Weyer's, Inc., existed only in name; that the

only thing that designated it as a legal entity was its name, but it didn't exist in fact as a distinct entity.

. . .

"And now the Full Industrial Board finds that Weyer's, Inc., was in reality and in fact, Hart, Schaffner and Marx. Therefore, there is no award made against Weyer's, Inc., or for Weyer's, Inc.

"The Full Industrial Board therefore finds upon the plaintiff's complaint for the plaintiff, filed against the defendant, Hart, Schaffner and Marx, on December 24, 1940, and does not find against Weyer's, Inc., for the reason that it is in fact, and in reality, Hart, Schaffner and Marx."

On these findings of fact, an award was entered in favor of appellee for a period of fifty weeks.

Accepting the evidence most favorable to the appellee, the evidence discloses and the appellee testifies that at the time of her injury she was working at a clothing store in Gary, Indiana, known as Weyer's, Inc. She was employed there as a bookkeeper, and as a part of this service she was required by the auditing department of Hart, Schaffner and Marx in Chicago, Illinois, to mail them daily reports of the sales of Weyer's, Inc. Her salary was paid by Weyer's, Inc., by checks prepared by her on a bank account carried in the name of Weyer's, Inc., which checks were signed by the bookkeeper and countersigned by the manager of the store. After having testified that she was so paid, the claimant was asked the following questions, to which she made the following answers:

"Q. And you were paid by Weyers, Inc.?
"A. Yes, I was.

"Q. And you were hired by them, were you not?
"A. Subject to the approval of Hart, Schaffner & Marx.

"Q. But you worked for Weyers, Inc.?
"A. No, I don't believe I did, that is, not totally

for Weyers, Inc. I believe I worked for Hart, Schaffner & Marx and Weyers, Inc.

"Q. But Weyers paid you all your salary, Hart, Schaffner & Marx didn't pay you any money?

"A. No, they didn't.

"Q. They never paid you any. Who hired you there at Weyers, Inc. to do this work?

"A. Mr. Mart Feder, who was the manager of Weyers, Inc. and at that time, he hired me.

"Q. Now, that answers my question. Now, Mr. Mart Feder was the manager of Weyers, Inc., is that right?

"A. Yes.

"Q. And he hired you to work there?

"A. Yes."

The witness further testified that she was called to the Chicago office of Hart, Schaffner and Marx on three or four occasions, and was there instructed by their auditors as to the preparation of the balance sheets and the form of bookkeeping which was to be used by her. Daily operating statements were prepared by her in triplicate on forms furnished by the Chicago office of Hart, Schaffner and Marx, and two copies of these reports were forwarded to them, the third copy was retained in the store of Weyer's, Inc.

The manager of Weyer's, Inc., testified that he was president of Weyer's, Inc., which is a corporation, and the other officers of this corporation were a Mr. Steel, a Mr. Kestaunbaum and a Mr. Mayfield. The three gentlemen last named worked for Hart, Schaffner and Marx in Chicago, and are officers or stockholders in the Hart, Schaffner and Marx corporation.

The witness further testified that he had authority to hire and fire the bookkeeper and the employment of such bookkeeper was subject only to the approval of the auditor of Hart, Schaffner and Marx, a corporation. The witness further testified that the officers of Weyer's, Inc., supervised the operation of the corporation and

owned all of its stock. He further testified that they had a stock of merchandise of approximately fifteen thousand dollars in value, all paid for, and that Hart, Schaffner and Marx have no capital invested therein. The witness, as president of Weyer's, Inc., owned no stock in Weyer's, Inc.

It was upon this evidence that the Industrial Board concluded that Weyer's, Inc., did not in fact exist as a distinct legal entity, and was in fact Hart, Schaffner and Marx, a corporation. It is upon these facts that the board found against the defendant, Hart, Schaffner and Marx, and not against the defendant, Weyer's, Inc. It is our opinion that the evidence does not warrant this finding. Weyer's, Inc., was an Indiana corporation and as such was a distinct and separate legal entity. As was said by the Supreme Court of Indiana in the case of *Benner-Coryell Lumber Co.* v. *Indiana Unemployment C. Bd.* (1940), 218 Ind. 20, 28, 29 N. E. (2d) 776, 780:

". . . the law regards a corporation as a distinct entity. This status is unaffected by the fact that a majority of its stock may or may not be controlled by the same interests. . . ."

The fact, if it be a fact, that the officers of the Hart, Schaffner and Marx corporation owned all the stock of Weyer's, Inc., would not, in and of itself, destroy the legal entity of Weyer's, Inc. A corporation is an independent legal entity, separate and distinct from its stockholders. *Department of Treasury* v. *Crowder* (1938), 214 Ind. 252, 15 N. E. (2d) 89.

The fact that the officers of Hart, Schaffner and Marx, a corporation, were also officers and stockholders of Weyer's, Inc., would not and could not, in and of itself, afford a sufficient basis upon which to conclude that Weyer's, Inc., was fictitious. This

court has recognized that there are cases where, to prevent fraud or injustice, it is necessary to disregard the fiction of distinct corporate existence, and to hold as a matter of equity that such separate legal entity does not exist. *Feucht* v. *Real Silk Hosiery Mills, Inc.* (1938), 105 Ind. App. 405, 12 N. E. (2d) 1019. But in cases involving the rights of third persons, this doctrine has been limited in its application to the prevention of fraud and injustice. There is no evidence in this case that Hart, Schaffner and Marx, a corporation, owned any stock in Weyer's, Inc., nor is there any act of fraud or bad faith disclosed by this record, which is attributable to it. The three men who owned all the stock in Weyer's, Inc., had a perfect right to engage in a retail business, and to conduct it in any legitimate manner. The fact that they were also officers of the appellant corporation could not make the appellant responsible for the manner in which the officers of Weyer's, Inc., conducted its business. The fact that these officers asked and required that the bookkeeper send reports of the business transactions of Weyer's, Inc., to them at their office in Chicago would not make Hart, Schaffner and Marx an employer of such a bookkeeper, nor is it reasonable to infer that the corporation of Hart, Schaffner and Marx had any right to control the operation of the business of Weyer's, Inc.

It is apparent to us that the Industrial Board erroneously concluded that because of the interlocking directors of the two corporations the legal entity of Weyer's, Inc., was destroyed. It is equally clear, from the findings of the Industrial Board, that the relationship of employer and employee, which the board found to exist, between the appellant and the appellee, was predicated upon the finding, "that Weyer's,

Inc., was in reality and in fact, Hart, Schaffner and Marx." It was because of this fact that a finding was made against the appellant in this case. These findings of fact are not supported by the evidence, and this court cannot close its eyes to such express findings and ignore them as surplusage, even though the findings contain a statement that the appellee was in the employment of the appellant at the time of the injury.

If, in truth and in fact, the appellant owns a controlling interest in Weyer's, Inc., and actually employed appellee, such fact can be readily established. If the appellant corporation had the right not only to approve the employment of the appellee, but also to discharge her from employment, such facts can be established by evidence. It is our opinion, therefore, that the ends of justice can be best served by a retrial of this cause, in which all parties should be given an opportunity to offer further evidence as to the true relationship existing between the parties at the time of the injury.

The award of the Industrial Board is accordingly reversed, and the case is remanded for further hearing in accordance with this opinion.

Award reversed.

Curtis, J., dissents.

NOTE.—Reported in 38 N. E. (2d) 895.