MERRIMAN *v.* STANDARD GROCERY COMPANY, INC.

[No. 20,768, 20,767. Filed December 4, 1968. Rehearing denied December 26, 1968. Transfer denied February 12, 1969.]

*Richard H. Crokin, Hall, Frazier & Crokin,* of Indianapolis, for appellants.

*Robert C. Riddell, Maxwell Gray* and *Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellee.

SMITH, J.—This appeal arose as the result of two actions, one brought by appellant Irene Merriman, and the other by appellant Howard Merriman. The two causes of action were consolidated for the purpose of trial.

Appellant Irene Merriman brought her action to recover damages for personal injuries sustained in a fall on the floor of a grocery store; and appellant Howard Merriman brought his action as the husband of the appellant, Irene Merriman, to recover damages for medical expenses and loss of services caused by and arising out of his wife's fall. The appellee, Standard Grocery Company, Inc., filed a motion for summary judment supported by affidavit, alleging therein that the named defendant did not own or lease the store in which the accident was alleged to have occurred. The court sustained appellee's motion for summary judgment; and did not permit the plaintiffs-appellants to amend their complaints to conform with the evidence, which revealed that Standard Grocery Company, Inc., was not the proper party defendant; and, as the evidence disclosed, to name National Tea Company (an Illinois corporation) as the defendant, rather than Standard Grocery Company, Inc.

Both appellants and appellee disagree as to the precise issue presented in this appeal, but that disagreement can be resolved by a review of the proceedings that transpired prior to the court's granting of appellee's motion for summary judgment. The record shows the questions presented to be as follows: Did the trial court abuse its discretion in not allowing the appellants to amend their complaints to name a new party defendant and further, in granting appellee's motion for summary judgment in light of the following?:

The appellee, Standard Grocery Company, Inc. (hereinafter referred to as Standard) is a wholly owned subsidiary of National Tea Company (an Illinois corporation) (hereinafter referred to as National). Standard and National share the following corporate officers: president, two vice-presidents and a secretary-treasurer. Appellants were led to believe by public notification consisting of signs, advertisements, etc. that the accident occurred in a "Standard Food Store". Standard Grocery Division of National Tea Company is a part of National which operates retail stores in this state under the following names: Standard Food Stores, Del Farm, Big "D" Stores, National Food Stores, and Arlington Markets. National has not filed a certificate in the office of the Johnson County Recorder disclosing that it was doing business under an assumed business name as required by Burns' Stat. Anno., § 50-201 (1968 Repl.), which reads in part as follows:

"50-201. Partnerships, persons, business and corporations—Names—Filing certificates—Records and index—Dissolution notice—Cost of recording—Copy of certificate to secretary of state.—Except as otherwise provided in section 2 [§ 50-202] of this act, every person, firm or partnership, conducting or transacting business in this state under any name, designation or title other than the real name or names of the person or persons conducting or transacting such business, whether individually or as a firm or partnership, and *every corporation conducting business in this state under any name, designation or title other than the name of such corporation as shown by its articles of incorporation, or amendment thereto, on file with the secretary of state of Indiana, shall file for record, in the office of the recorder of each county in which a place of business or an office of such person, persons, firm or partnership, or corporation is situated, a certificate stating the assumed name or names to be used, and, in the case of a person, persons, or firm or partnership, the full name and the residence address of each person engaged in or transacting such business, or, in the case of a corporation, the full name and the address of the principal office in this state of such corporation.* The recorder shall keep a record of such certificates, and shall keep an index thereof showing, in

alphabetical order, the names of such persons, the names of all the members of the firms or partnerships and the corporate names of the corporations having such certificates on file in his office and the respective assumed names which they intend to use in carrying on their respective businesses as shown by such certificates. * * * * *

"Any corporation subject to this act shall, in addition to filing the certificate provided for above, also forthwith file with the secretary of state of Indiana a copy of each certificate, duly certified by the proper county recorder as a true copy of the certificate as on file in the office of such recorder. [Acts 1909, ch. 151, § 1, p. 358; 1949, ch. 61, § 1, p. 173; 1965, ch. 241, § 1, p. 618.] (Emphasis supplied).

Appellee Standard did not own or lease the store in which the accident occurred. The Standard Food Store where appellant fell was leased from the Wilgro Realty Co. by National.

This court will take judicial notice of the public records filed in the office of the secretary of state of Indiana, and from an examination of these records it is disclosed that, as of the date these proceedings were instituted, National had not complied with the provisions of the statute hereinabove set out.

We believe it necessary to indulge in the presumption that large corporations often deliberately structure the parent and wholly-owned subsidiaries of the parent corporation in such a complex and inter-related manner so as to prevent ascertainment of exactly which corporate entity shoulders the responsibility of liability to injured individuals. We have no evidence in the case at bar to sustain this presumption and do not deem it necessary that there be such evidence. Further, the fact that appellants might have known where liability should fall is not determinative of the question now presented, because where it appears, as it does in the case at bar, that several corporations exist in an interdependent relationship being wholly owned, operated, and managed by a superior corporate entity with the goal of accomplishing one general business purpose, the par-

ent should shoulder the liability, and the right to relief should not be denied even though a procedural complexity would seem to prevent relief. We are cognizant of the need and requirement for accurate and proper instigation of legal proceedings and the naming of proper parties has always been a valid prerequisite to the instigation of suit. But the facts of this case lead us to conclude that although the exact party was not named, i.e. the lessee or owner of the premises, the relationship is not so distinct as to warrant a denial of the motion to amend the complaint so as to name the proper defendant. In light of the facts, the trial court abused its discretion in not so doing and in subsequently granting summary judgment. The fact that appellants did in fact know or might be presumed to know, as evidenced by correspondence, that National was the lessee and proper party is not of great importance. However, this fact would be of great significance if there was an absence of the interdependent relationships evidenced herein.

Further, this court is of the opinion that National is estopped to deny that Standard is an entirely separate corporate entity when it advertised to the general public by signs, etc. that the store in question was a "Standard" store when National had failed to file its use of an assumed business name as required by Burns' Ind. Stat., § 50-201, *supra*.

Several decisions of our courts have declared that certain factual situations require that this court disregard the fiction of distinct corporate existence. In the case of *Hart, Schaffner & Marx v. Campbell* (1942), 110 Ind. App. 312, 38 N. E. 2d 895, this court spoke as follows:

"This court has recognized that there are cases where, to prevent fraud or injustice, it is necessary to disregard the fiction of distinct corporate existence, and to hold as a matter of equity that such separate legal entity does not exist. *Feucht v. Real Silk Hosiery Mills, Inc.* (1938), 105 Ind. App. 405, 12 N. E. 2d 1019. But in cases involving the

rights of third persons, this doctrine has been limited in its application *to the prevention of fraud or injustice."* (Emphasis supplied.)

Also, in *Clarke Auto Co., Inc. v. Fyffe, etc.* (1954), 124 Ind. App. 222, 116 N. E. 2d 532, this court stated as follows:

". . . . The whole record herein indicates the business of these corporations was conducted in such a manner that *innocent third parties had no way of knowing with which they were dealing.* They could only rely on the word of the officers and employees of these companies. Under such circumstances it would be an open invitation to fraud and injustice to say appellant can now escape liability because it asserts the latter corporation made the sale. *The law will not tolerate such chicanery. Under the authorities cited above, we are of the opinion the entity of these corporations for the purpose of this case was merged"* (Emphasis supplied).

It is undisputed that Standard is a wholly-owned subsidiary of National and that the principal officers of both corporations are the same. It is our opinion that these facts alone provide ample incentive for disregarding the fact that Standard is a separate corporate entity. The trial court should have permitted appellants to amend their complaints to name the proper defendant, especially where the name "Standard" was openly displayed to a public that would have been unable to ascertain that National was a corporation operating under the assumed business name of "Standard".

It is our opinion that the trial court abused its discretion in not allowing plaintiffs to amend their complaints as respects the name of the defendant party and that, therefore, the motion for summary judgment was improperly granted. Our reasoning is based not upon a legal technicality, but rather upon the fact that the record now before us discloses that although Standard Grocery Company, Inc., and National Tea Company are in fact two corporations domiciled in differ-

ent jurisdictions, they should not be considered separate and distinct corporate entities.

Judgment reversed with instructions to allow plaintiffs-appellants to amend their complaints.*

NOTE.—Reported in 242 N. E. 2d 128.

---

*Appellee filed a motion to dismiss this appeal or, in the alternative, affirm the judgment of the trial court, in which appellee alleged that appellants' use of a direct appeal on the motion for summary judgment was improper, the proper method being a motion for new trial as stated in *Kapusta v. DePuy Mfg. Co.* (1967), 141 Ind. App. 479, 234 N.E. 2d 487. This court has been handicapped with the question of whether a motion for new trial was the proper procedure to be used in an appeal charging error in granting summary judgment. The Supreme Court has now decided that question in the negative (see, Supreme Court Rule 2-6). Thus, we will not belabor this opinion with a reconsideration of a confusing and burdensome technicality. We, therefore, decide this case on its merits and refuse to reconsider a procedural difficulty that has been abrogated.