WAYNE TOWNSHIP AND WILLIAM J. COOPER, WAYNE TOWNSHIP TRUSTEE *v.* LUTHERAN HOSPITAL.

[No. 3-673A77. Filed June 18, 1974. Rehearing denied July 22, 1974. Transfer denied November 4, 1974.]

*Kenneth M. Waterman, Parker, Hoover & Roush,* of Fort Wayne, for appellants.

*Frank A. Webster,* of Fort Wayne, for appellee.

428

## I.

## STATEMENT ON THE APPEAL

Staton, J.—Clara J. Kapp had taken an overdose of heroin. Her condition demanded immediate medical services. She was admitted to the Lutheran Hospital for treatment. Later, Lutheran Hospital filed a complaint against Wayne Township, William J. Cooper, Wayne Township Trustee, and Clara J. Kapp for payment of the medical services which had been rendered during the emergency. The facts were stipulated and adopted by the trial court as its finding of facts. Judgment was rendered for the Lutheran Hospital in the sum of $757.87 plus $70.00 in costs. The sole question presented by this appeal for our consideration is:

> Is an Indiana township, rather than the state or county, liable for the reasonable value of emergency hospital services rendered by a private hospital to a resident, indigent drug addict?

Our opinion concludes that there is no statutory conflict in the present case and that other statutory provisions are supplementary. We affirm the trial court's judgment.

## II.

## STATEMENT OF THE FACTS

On May 4, 1971, Clara J. Kapp was admitted to Lutheran Hospital suffering from an overdose of heroin. She remained at the hospital undergoing treatment for the overdose and for her addiction to heroin until May 22, 1971. During this time she received hospital services having a reasonable value of $757.87. The facts stipulated by the parties on November 29, 1972 and adopted by the trial court as its findings of fact on January 16, 1973 are as follows:

> "1. That the defendant, Clara J. Kapp, was, at all relevant times herein, a poor person.
> "2. That, at all relevant times herein, she was a resident of Wayne Township of Allen County, Indiana.
> "3. That plaintiff is a hospital providing hospital services within the Wayne Township of Allen County, Indiana.

"4. That defendant, Clara J. Kapp, received hospital services from the plaintiff which were necessary and incurred bills for such services, copies of which are attached hereto as Exhibits A-1, A-2, and A-3, and are admitted into evidence.

"5. That there is now due and owing from the defendant, Clara J. Kapp, to the plaintiff the total and reasonable sum of $757.87 for such hospital services, plus interest of $14.13.

"6. That the copy of plaintiff's hospital record pertaining to the hospitalization of Clara J. Kapp is attached hereto as Exhibit B, and is admitted into evidence.

"7. That Clara J. Kapp was admitted to said hospital as an inpatient on Tuesday, May 4, 1971, at 10:55 p.m.

"8. That due to the nature of her physical condition at last said time, hospitalization was immediately necessary and no opportunity existed to contact the defendant.

"9. That the defendant received due notice of Clara J. Kapp's May 4, 1971, admission to the hospital.

"10. That Clara J. Kapp was a drug addict at all relevant times herein.

"11. That the treatment and hospitalization of Clara J. Kapp was all related to her drug addiction.

"12. That this stipulation contains all of the facts in this cause as they exist between the plaintiff hospital and the defendant township.

"13. That the expense of taking a certain deposition in this case is $70.00 which has been paid by plaintiff and which is a proper cost herein, and shall be taxed herein and follow the judgment."

On January 16, 1973, the trial court entered judgment in favor of Lutheran Hospital against Wayne Township, William J. Cooper, Wayne Township Trustee, and Clara J. Kapp in the amount of $757.87 plus $70.00 costs. Wayne Township and William J. Cooper appeal from this judgment raising one issue for this Court's determination.

### III.

### STATEMENT OF THE ISSUE

The sole issue presented on appeal for our consideration is:

Is an Indiana township, rather than the state or county, liable for the reasonable value of emergency hospital services rendered by a private hospital to a resident, indigent drug addict?

It is not disputed that Clara J. Kapp was an indigent deserving emergency medical care. Wayne Township and William J. Cooper, Wayne Township Trustee, admit in their brief that as overseer of the poor,[1] a township trustee has a mandatory duty to provide medical care for all the poor of his township who are not provided for in public institutions.[2] IC 1971, 12-2-1-6 (Burns Code Ed.) provides in pertinent part:

> *"Duties of trustees—Service to be rendered.—*The overseer of the poor in each township shall have the oversight and care of all poor persons in his township so long as they remain in a charge, and shall see that they are properly relieved and taken care of in the manner required by law. He shall, in cases of necessity, promptly provide medical and surgical attendance for all of the poor in his township who are not provided for in public institutions; and shall also see that such medicines and/or medical supplies and/or special diets and/or nursing as are prescribed by the physician or surgeon in attendance upon the poor are properly furnished. . . ." See also *Washington Township* v. *Parkview Memorial Hospital* (1969), 144 Ind. App. 359, 366, 246 N.E.2d 391; *Newcomer* v. *Jefferson Township* (1914), 181 Ind. 1, 5, 103 N.E. 843.

However, Wayne Township and William J. Cooper contend that when emergency medical treatment is rendered a drug addict for treatment of that addiction, it is the obligation of the state or county to provide such care under IC 1971, 16-14-9-1 through IC 1971, 16-14-9-31 (Burns Code Ed.) (hereinafter referred to as admission statutes). IC 1971, 16-14-9-2 (Burns Code Ed.) provides:

---

1. See IC 1971, 12-2-1-1 (Burns Code Ed.).

2. If Lutheran Hospital were a public hospital, IC 1971, 12-5-1-15 (Burns Code Ed.) might be applicable rendering the county department of public welfare liable for emergency services rendered Clara J. Kapp. The stipulated findings of fact adopted by the trial court as well as the rest of the record in this case do not disclose whether Lutheran Hospital is a public institution. However, this Court will take judicial notice of the public records filed in the office of the Secretary of State of Indiana. *Merriman* v. *Standard Grocery Co., Inc.* (1968), 143 Ind. App. 654, 657, 242 N.E.2d 128. The Articles of Association of Lutheran Hospital and applicable amendments thereto on file in the Secretary of State's Office disclose that Lutheran Hospital is not a public hospital within the provisions of IC 1971, 16-12-1-3 through 16-12.1-7-2 (Burns Code Ed.).

*"Types of admissions.*—Any mentally ill person residing in the state of Indiana and having a legal settlement in any county therein, shall be entitled to receive medical care and treatment in the psychiatric hospital of the hospital district in which such mentally ill person resides, at such cost as may be prescribed by law, subject to the restrictions, provisions and limitations hereafter prescribed in this act [16-14-9-1—16-14-9-31], by complying with any of the following admission procedures:

(1) Voluntary application for admission; or
(2) Temporary commitment by a court of competent jurisdiction; or
(3) Regular commitment by a court of competent jurisdiction. . . ."

IC 1971, 16-14-9-1(2) (Burns Code Ed.) provides:

"(2) The term 'psychiatric disorder' means any mental illness or disease and shall include, but not be limited to, any mental deficiency, epilepsy, alcoholism or addiction to narcotic or dangerous drugs; . . ."

Finally, IC 1971, 16-14-9-21 provides:

*"Commitment ordered—Care pending admission—Necessities furnished by clerk.*—If any person is found to be mentally ill and is committed to a psychiatric hospital, the clerk of the circuit court of the county in which the proceedings were held shall consult with the attending physician in determining the method of taking care of such mentally ill person pending his admission to the psychiatric hospital to which he has been committed. If all things necessary for the comfort and proper care of such mentally ill person be not otherwise provided by the relatives of [or] friends or from the estate of such mentally ill person, if any there be, or through financial assistance and services from the state or county department of public welfare, it shall be the duty of the clerk of the circuit court to furnish them, and the same shall be paid out of the general fund of such county, on certificate of the clerk and warrant of the county auditor. Under no circumstances shall any mentally ill person be confined in the county jail, unless he is found to be dangerous and violent, and then only on order of the judge of the court."

Wayne Township and William J. Cooper contend that the above statutes relieve them of liability for services rendered Clara J. Kapp on two grounds. First, the admission statutes are special statutes and therefore prevail over IC 1971, 12-

2-1-6, *supra,* a general statute. Secondly, it was the Legislature's intent in passing the admission statutes to preempt the whole subject of drug addiction and provide for such treatment on a state level rather than on a township level.

Both arguments of Wayne Township and William J. Cooper regarding relief of the township trustee from liability for services rendered an indigent drug addict are predicated upon conflict between the admission statutes and IC 1971, 12-2-1-6, *supra.* For a specific statute to prevail over or modify a general statute, there must be a conflict in the two statute's application to the same subject matter. *Grether* v. *Indiana State Board of Dental Examiners* (1959), 239 Ind. 619, 159 N.E.2d 131; *O'Donnell* v. *Krneta* (1958), 238 Ind. 582, 593, 154 N.E.2d 45. For the admission statutes to preempt the treatment of drug addicts, including emergency treatment, this Court must find an implied modification of IC 1971, 12-2-1-6, *supra,* as it relates to the care of indigent drug addicts.

We do not find the admission statutes to conflict with IC 1971, 12-2-1-6, *supra,* as it applies to this appeal, and we affirm the trial court's judgment in favor of Lutheran Hospital.

## IV.
## STATEMENT ON THE LAW

In construing the statutes here at issue, this Court is bound by several well settled rules of statutory construction. Where there are two statutes on the same subject, they should be construed together so as to harmonize and give effect to each. *New York Central R. Co.* v. *Public Service Commission of Indiana* (1958), 237 Ind. 544, 147 N.E.2d 547; *Salem Community School Corp.* v. *Easterly* (1971), 150 Ind. App. 11, 275 N.E.2d 317. There is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes on the same subject. *Morgan County R.E.M.C. Corp.* v. *Indianapolis Power*

*& Light Co.* (1973), 261 Ind. 323, 302 N.E.2d 776, 778; *McClarnon* v. *Stage* (1939), 215 Ind. 157, 19 N.E.2d 252. Finally, the primary rule in interpretation of statutes is to ascertain and give effect to the general intent of the Legislature. *Allen Co. Dept. of Public Welfare* v. *Ball Memorial Hosp. Assoc., Inc.* (1969), 253 Ind. 179, 184, 252 N.E.2d 424.

A. *Special* v. *General Statute:*

IC 1971, 12-2-1-6, Acts 1935, Ch. 116, is a general statute providing care for indigent residents of a township in need of medical care who are not provided for in public institutions. The admission statutes, IC 1971, 16-14-9-1 through 16-14-9-31, Acts 1957, ch. 359 provide specific procedures for admission to a state psychiatric hospital and could be considered more restrictive in their application to the care for the indigent than the broad care provided under IC 12-2-1-6, *supra.* As stated above, it is a general rule of statutory construction that when general and specific statutes conflict in their application to a particular subject matter, the specific statute will prevail over the general statute. *Grether* v. *Indiana State Bd. of Dental Examiners* and *O'Donnell* v. *Krneta, supra.* To the extent both the admission statutes and IC 1971, 12-2-1-6, *supra,* apply to care for the indigent, they cover the same subject matter.

A careful reading of the statutes in question discloses only one possible area of conflict, which is not applicable to the case at bar. The only conflict between these provisions arises upon application of IC 1971, 16-14-9-21, *supra.* This provision provides temporary care for a committed person at the county's expense pending actual commitment. Technically, such committed person is not yet provided for in a public institution and the township trustee could still be liable for such indigent township resident's medical care pending admission to a state psychiatric hospital. Arguably, to the extent these two provisions overlap, IC 1971, 16-14-9-21, *supra,* would prevail. However, under the stipulated facts before

this Court, Clara J. Kapp had not been committed to a state psychiatric hospital at the time emergency services were rendered her by Lutheran Hospital. In the present case, there is no necessity for invoking the rule that a special statute prevails over a general statute since Clara J. Kapp was not provided for in a public institution nor had she been committed to a state psychiatric hospital bringing her within the possible application of IC 1971, 16-14-9-21.

B. *Preemption of Drug Treatment by the State.*

As stated above, where there are two or more statutes on the same subject, they should be construed together so as to harmonize and give effect to each. *New York Central R. Co. v. Public Service Commission of Indiana* and *Salem Community School Corp. v. Easterly, supra.* The purpose of the Legislature in passing IC 1971, 12-2-1-1 through IC 1971, 12-2-1-39 (Burns Code Ed.) concerning the township trustee as overseer of the poor is stated in IC 1971, 12-2-1-34 (Burns Code Ed.) :

> *"Failing to provide relief—Governor's commission on unemployment—Action by—Attorney-general.*—The purpose of this act [12-2-1-1—12-2-1-39] is to provide necessary and prompt relief to the citizens and residents of this state, and this act shall be liberally construed in order that its purposes may be accomplished as equitably and expeditiously as possible. . . ."

The intent of the Legislature that temporary emergency aid be provided all township residents by the township trustee, regardless of the nature of the emergency, is further substantiated by IC 1971, 12-2-1-8 (Burns Code Ed.) which provides :

> *"Temporary aid—When.*—Whenever an overseer shall ascertain by investigation that any poor person or persons or family require assistance, he shall furnish to them such temporary aid as may be necessary for the relief of immediate and pressing suffering; before any further final or permanent relief in any case is given, the overseer shall consider whether distress can be relieved by other means than an expenditure of township funds."

Many other statutes, including the admission statutes under IC 1971, 16-14-9-1 through 16-14-9-31, *supra,* provide possible medical care for indigent drug addicts at the expense of the county or the state. As already discussed, IC 1971, 16-14-9-1 through 16-14-9-31, *supra,* provide for commitment of indigent drug addicts in state psychiatric hospitals. IC 1971, 12-5-1-1 (Burns Code Ed.) provides for commitment by the county department of welfare in public hospitals of persons needing medical care. IC 1971, 12-5-1-15 (Burns Code Ed.) provides for possible liability of the county department of public welfare for emergency care rendered persons admitted to any hospital operated by the trustees of Indiana University or to any other public hospital. IC 1971, 12-5-2-1 (Burns Code Ed.) provides emergency care ". . . in the event any indigent person is injured or in the event any indigent person who is a nonresident of this state becomes ill in any county of this state" at the expense of the county department of welfare. Finally, the Indiana Drug Act, IC 1971, 16-13-7.5-1 through IC 1971, 16-13-7.5-27 (Burns Code Ed.) provides for treatment of drug abusers under certain state treatment programs. However, a drug abuser to be eligible for such treatment under the Indiana Drug Act must either:

1. voluntarily request treatment—IC 1971, 16-13-7.5-14 (Burns Code Ed.),
2. be involuntarily committed to the care of the department of mental health by civil commitment—IC 1971, 16-13-7.5-15 (Burns Code Ed.), or
3. elect treatment in lieu of prosecution or parole in certain instances when he is convicted of or charged with a crime—IC 1971, 16-13-7.5-16 (Burns Code Ed.).

None of the above statutory provisions providing a possible means of caring for an indigent drug addict were applicable to the emergency situation in the instant case under the stipulated facts.[3] The above provisions do not conflict and

3. At one time, IC 1971, 17-2-42-1, Ind. Ann. Stat. § 26-1201 (Burns 1970) provided for poor relief on a county level. However, this section as it related to general poor relief was expressly repealed by IC 1971, 17-1-24-32; Ind. Ann. Stat. § 26-533 (Burns 1970).

are only supplemental to a township trustee's general duty to provide emergency medical care for sick indigent township residents in a private hospital under IC 1971, 12-2-1-6, *supra*.

The trial court correctly found the township liable to Lutheran Hospital for the services rendered Clara J. Kapp. The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 312 N.E.2d 120.