ZARKO SEKEREZ, IN THE NAME OF THE STATE OF INDIANA *v.*
YOUNGSTOWN SHEET AND TUBE COMPANY.

[No. 3-374A39. Filed November 20, 1975.]

*Zarko Sekerez,* Pro Se, for appellant.

*Joseph E. Costanza, Stephen W. Gard, Murphy, McAtee, Murphy & Costanza,* of counsel, of East Chicago, for appellee.

HOFFMAN, J.—Relying upon the provisions of certain statutes conferring jurisdiction and prescribing procedure in en-

vironmental suits, plaintiff-appellant Zarko Sekerez, on September 18, 1973, filed a complaint in the Lake Circuit Court against defendant-appellee Youngstown Sheet and Tube Company (Youngstown). The complaint generally sought temporary and permanent equitable relief and alleged, *inter alia,* that Youngstown had, for a number of years, been discharging chemicals and matter into the atmosphere thereby giving rise to pollution and causing the destruction of the environment. Subsequently, Youngstown filed a motion to dismiss for lack of jurisdiction over the subject-matter, alleging that Sekerez had failed to exhaust administrative remedies and had failed to comply with the procedural requirements set forth in IC 1971, 13-6-1-1 (Burns Code Ed.). The trial court thereafter granted Youngstown's motion to dismiss. Following the overruling of his motion to correct errors, Sekerez perfected this appeal. Whether the trial court erred in granting Youngstown's motion to dismiss represents the central issue to be considered on review.

For this, we first turn to an examination of IC 1971, 13-6-1-1, *supra,* which provides in pertinent part, as follows:

"(a) The attorney-general of the state of Indiana, or any state, city, town, county or local agency or officer vested with the authority to seek judicial relief, any citizen of the state of Indiana or any corporation, partnership or association maintaining an office in the State of Indiana, may maintain an action for declaratory and equitable relief in the name of the state of Indiana against any individual, partnership, copartnership, firm, company, corporation, association, joint stock company, trust, estate, state agency or officer, city, town, county or local governmental unit, agency or official, or any other legal entity or their legal representative, agent or assigns, for the protection of the environment of the state from significant pollution, impairment or destruction. Any citizen, partnership, corporation, association or public officer or agency, as a condition precedent to maintaining such action, shall give notice in writing by registered or certified mail to the department of natural resources and the state board of health, or their successor agency in environmental affairs, and to the attorney-general of the

state who shall promptly notify all state administrative agencies having jurisdiction over or control of the pollution, impairment, destruction, or protection of the environment for which relief is sought.

"(b) No action shall be maintained under this chapter [13-6-1-1—13-6-1-6] unless the administrative agency to whom such notice was given and having jurisdiction as set out in subsection (a) fails to investigate and conduct a hearing to determine whether or not the accused is a pollutor as defined by law or regulation. The complainant shall be joined as a party. *If the agency fails to hold a hearing and make a final determination within one hundred eighty [180] days after receipt of notice by the attorney-general as provided in subsection (a), action may be maintained and such agency shall be joined as a party defendant.*

"(c) If the administrative agency holds a hearing and makes a final determination within one hundred eighty [180] days, an appeal from its action may be taken in the manner prescribed by law." (Emphasis added.)

The record discloses that on March 16, 1973, the Attorney General of Indiana received notice from Sekerez as required by IC 1971, 13-6-1-1, *supra*. On March 19, 1973, the Air Pollution Control Board of the State of Indiana (Board) received similar notice advising of Sekerez' intention to invoke the provisions of the statute. Thereafter, on August 30, 1973, the Board issued agreed findings of fact and a final order requiring that Youngstown comply with applicable air pollution standards within various limitation periods.

Appellant does not dispute the fact that the Board issued a final order within the 180-day period following the receipt of notice by the Attorney General. Rather, based upon the alleged failure of the Board to conduct a hearing within such period, appellant claims the necessary standing to bring the present action under the purview of IC 1971, 13-6-1-1, *supra*. The statute provides that "[i]f the agency fails to hold a hearing *and* make a final determination within one hundred eighty [180] days after receipt of notice by the attorney-general * * *, action may be maintained * * *." (Emphasis

supplied.) Appellee, however, asserts that this means the Board must both fail to conduct a hearing and make a final determination within the stated period before an action may be initiated. So it is that we are first called upon to determine the intended meaning of the word "and", as that term appears in the above described context.

Generally, unless a different construction is necessary to effectuate the intention of the Legislature, words and phrases contained in a statute should be taken in their plain, ordinary and usual sense. *See, City of Evansville* v. *Walker* (1974), 162 Ind. App. 121, 318 N.E.2d 388. "[T]he words 'and' and 'or' as used in statutes are not interchangeable, being strictly of a conjunctive and disjunctive nature respectively, and their ordinary meaning should be followed if it does not render the sense of the statute dubious." 82 C.J.S., *Statutes,* § 335, at 673. "And" is defined as "[a] particle expressing the general relation of connection or addition and [is] used to conjoin word with word, clause with clause, or sentence with sentence * * *. [T]he words *and* and *or* are not properly in any sense interchangeable." Websters New International Dictonary of the English Language (1934). *See,* 3 Words and Phrases, at 569, and following, including 1975 P.P., for cases considering the meaning of the word "and."

The usual interpretation of "and" as a conjunctive compels the conclusion in the case at bar that before action may be maintained under IC 1971, 13-6-1-1, *supra,* the agency must *both* fail to hold a hearing *and* make a final determination within 180 days after the receipt of notice by the Attorney General. This result is confirmed by reference to certain provisions of the more recently enacted Environmental Management Act, such being IC 1971, 13-7-11-2(b) (Burns Code Ed.):

"Any person who has filed a complaint pursuant to IC 1971, 13-6-1-1 to, and including, 13-6-1-6 may, *if the board*

*or agency has either (a) refused to proceed, or (b) one hundred eighty [180] days have elapsed from the filing of the complaint without a final determination,* proceed against the alleged violator, and in such event the board or agency shall not be joined as a party: Provided, however, the board or agency may intervene in any such proceeding." (Emphasis added.)

These provisions must be regarded as supplemental to those contained in IC 1971, 13-6-1-1—13-6-1-6 (Burns Code Ed.), and particularly those found in IC 1971, 13-6-1-1(b) (Burns Code Ed.). It is a well-recognized rule of construction that where two statutes pertain to the same subject, they should be construed together so as to harmonize and give effect to each. *N.Y. Cent. R.R. Co.* v. *Pub. Serv. Comm. of Ind.* (1958), 237 Ind. 544, 549, 147 N.E. 2d 547; *Wayne Township* v. *Lutheran Hospital* (1974), 160 Ind. App. 427, 312 N.E.2d 120, 124 (transfer denied). Upon a close examination and comparison of IC 1971, 13-6-1-1(b), *supra,* and IC 1971, 13-7-11-2(b), *supra,* it becomes apparent that the Legislature, in adopting the former, intended to restrict its application to those cases in which the appropriate agency failed to take virtually any affirmative action pursuant to the complaint within the prescribed period of time. But, this does not permit an action until the fulfillment of the condition respecting time, even in instances in which the agency has made known its intention not to proceed at an early stage. This situation, the Legislature resolved through the enactment of the latter statute and, in doing so, it further imparted an insight into the intended application of both statutes.

In the enactment of IC 1971, 13-7-11-2(b), *supra,* the Legislature is presumed to have been aware of the provisions of any previous statutes relating to the same subject-matter, including IC 1971, 13-6-1-1(b), *supra. See, Morgan Co. REMC* v. *IPALCO* (1973), 260 Ind. 164, 168, 302 N.E.2d 776; *Economy Oil Corp.* v. *Indiana Dept. of*

*State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215; *Wayne Township* v. *Lutheran Hospital, supra.* Because of this knowledge, an omission or change in terms contained in the later statute raises a presumption that a change of meaning was also intended. *Gingerich* v. *State* (1950), 228 Ind. 440, 445, 93 N.E.2d 180. *See,* 2A Sutherland Statutory Construction (Sands) 4th Ed., § 51.02, at 290-291. So viewed, the proviso in IC 1971, 13-7-11-2(b), *supra,* that an action may be maintained if the agency has "refused to proceed" cannot be construed as manifesting the same meaning as the corresponding language contained in IC 1971, 13-6-1-1(b), *supra,* which conditions standing, in part, upon the agency's failure to hold a hearing.

Although IC 1971, 13-6-1-1(b), *supra,* accords standing to bring an action, it does so under limited circumstances. The general tenor of its provisions is restrictive and an action thereunder is not permitted unless an agency fails to hold a hearing and make a final determination. IC 1971, 13-7-11-2 (b), *supra,* preserves the latter condition but accounts for the alternative contingency that an agency might refuse to take further action within the relevant time period, or might refuse to take action *ab initio.* Indeed, the terms have reference to some indication whereby the complainant might ascertain with certainty that further pursuit of the prescribed administrative remedy would be fruitless. In this light, the two statutes are harmonious not only as between themselves, but also in respect of the purposes underlying the paramount Administrative Adjudication Act, being IC 1971, 4-22-1-1—4-22-1-30 (Burns Code Ed.).

There has been no showing in the case at bar that the agency refused to proceed. Indeed, the mere entry of a final determination within the time prescribed in IC 1971, 13-7-11-2(b), *supra,* dictates otherwise. Thus, appellant has failed to come within the purview of either IC 1971, 13-6-1-1(b), *supra,* or IC 1971, 13-7-11-2(b),

*supra;* and it must be concluded that appellant therefore lacked the necessary standing to bring the present action.

It should be noted, however, that appellant was not without an adequate remedy. Assuming the contingency which is, in fact, a reality in the present instance, the proper procedure would contemplate an appeal from a final determination of the appropriate agency in the manner prescribed by the Administrative Adjudication Act, IC 1971, 4-22-1-1—4-22-1-30, *supra.* Thereunder, judicial review of agency action is controlled by IC 1971, 4-22-1-14, *supra,* which provides, in part, as follows:

> "Any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act [4-22-1-1—4-22-1-30]. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is:
>
> (1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
>
> (2) Contrary to constitutional right, power, privilege or immunity; or
>
> (3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
>
> (4) Without observance of procedure required by law; or
>
> (5) Unsupported by substantial evidence.
>
> "Said petition for review shall be filed within fifteen [15] days after receipt of notice that such order, decision or determination is made by any such agency. Notice shall be given in the manner prescribed by section 6 [4-22-1-6] of this act. Unless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate."

There can be no question that the terms of the Act are applicable to judicial review of action by the Indiana Air Pollution Control Board.

IC 1971, 4-22-1-1, *supra,* provides:

"It is the intent to establish a uniform method of administrative adjudication by all agencies of the state of Indiana, to provide for due notice and an opportunity to be heard and present evidence before such agency and to establish a uniform method of court review of all such administrative adjudication."

IC 1971, 4-22-1-3, *supra,* provides:

"In every administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency the same shall be made in accordance with this act [4-22-1-1—4-22-1-30] and not otherwise."

Further, IC 1971, 13-1-1-8 (Burns Code Ed.), specifically provides that,

"[A]ppeal from any order or decision of the control board [Air Pollution Control Board] shall be in accordance with the provisions of the Indiana Administrative Adjudication and Court Review Act, as amended [4-22-1-1—4-22-1-30; Burns' §§ 63-3001—63-3030]. [Acts 1961, ch. 171, § 6, p. 380.]"

Appellant was required to seek judicial review of the Board's action in accordance with the terms of the Act. Appellant's failure to do so constitutes a failure to exhaust the prescribed administrative remedy. *See, State ex rel. Rainey* v. *Board of Trustees* (1964), 245 Ind. 693, 201 N.E.2d 564; *State ex rel. Calumet Natl. Bank* v. *McCord* (1963), 243 Ind. 626, 189 N.E.2d 583; *Marion Truck Co., Inc.* v. *McDaniel F. Lines, Inc.* (1952), 231 Ind. 519, 108 N.E.2d 884; *State ex rel. Evansville, etc., Lines* v. *Rawlings* (1951), 229 Ind. 552, 99 N.E.2d 597.

For the foregoing reasons, it must be concluded that the trial court was correct in dismissing the complaint on the ground that it lacked jurisdiction over the subject-matter.

No reversible error having been demonstrated, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J., concurs; Garrard, J., concurs in result.

NOTE.—Reported at 337 N.E.2d 521.