STACEY–RAND, INC., a Tennessee Corporation; Stacey–Rand of America, Inc., A Tennessee Corporation; James J. Heeren & Sons, Inc., A Tennessee Corporation; James J. Heeren & Patricia L. Heeren, Defendants–Appellants,

v.

J.J. HOLMAN, INC., an Indiana Corporation, Plaintiff–Appellee.

No. 54A01–8712–CV–305.

Court of Appeals of Indiana, First District.

Aug. 30, 1988.

Rehearing Denied Oct. 17, 1988.

James W. Greives, Rosenthal, Greives & O'Bryan, Lafayette, for defendants-appellants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

This is an appeal of a jury verdict entered in favor of J.J. Holman, Inc. and against James J. Heeren and Sons, Inc., a Tennessee Corporation. We affirm.

## FACTS

Jim Heeren and John Holman separately owned certain interests in Nutri-System Weight-Loss franchises. On July 1, 1983, Holman entered into a Management Agreement with Heeren and Associates, Inc. to have Heeren and Associates, Inc. manage Holman's Nutri-System centers in Crawfordsville and Lafayette, Indiana.

Subsequently various discussions and negotiations occurred regarding the sale of these centers by Holman. These negotiations involved correspondence, phone conversations and face-to-face discussions between Heeren and Holman. The correspondence from Holman would usually be on the letterhead of J.J. Holman, Inc. and signed by "John" or "John Holman". The correspondence signed by "Jim" or "Jim Heeren" would usually be on letterhead listing the various corporations in which Heeren was involved, all showing the same business office. A contract for sale of the centers was entered into on July 21, 1984. There was a default in making the payments required by the contract and on November 1, 1985, Holman filed a breach of contract lawsuit against Stacey-Rand, Inc. of Tennessee and requested a jury trial. Holman subsequently amended its complaint adding more specific claims and naming Stacey-Rand of Indiana, Inc., James J. Heeren, and Patricia L. Heeren as additional defendants. In a second amended complaint, Holman named James J. Heeren and Sons, Inc. as the final defendant.

After Holman completed the plaintiff's case-in-chief, the trial court granted the defendants' motion for a directed verdict in favor of all the defendants except Stacey-

Rand of Indiana, Inc., with respect to Counts I, II, and III of Holman's complaint. The court entered judgment against Stacey-Rand of Indiana, Inc. for Sixty Thousand Six Hundred Dollars ($60,600.00). The trial court granted summary judgment in favor of the defendants on Count IV of the plaintiff's complaint. Only Counts V and VI remained to be litigated. These counts requested that the trial court "pierce the corporate veil" of Stacey-Rand, Inc., of Tennessee and James J. Heeren and Sons, Inc. The defendants moved for a dismissal of the jury on the grounds that the remedies sought by Holman involved issues of equity. The trial court denied this motion and allowed the trial to proceed before the jury. A verdict was rendered in which the jury found for the plaintiff, Holman, and against the defendants, James J. Heeren and Sons, Inc. and James Heeren. The jury further found that Patricia Heeren was not liable on Holman's claim. It is from this judgment that the defendants now appeal.

## ISSUE

1. Did the trial court err in failing to dismiss the jury where the only remaining issue was equitable in character?

2. Was there inadequate evidence to support the jury verdict and was the jury verdict contrary to law?

## DISCUSSION AND DECISION

■ We note at the outset that the appellee, J.J. Holman, Inc. declined to file a brief in this appeal. Therefore, the appellants may obtain relief upon showing only prima facie error. *Paxton v. Paxton* (1981), Ind.App., 420 N.E.2d 1346, 1348; *Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321, 323.

*Issue One*

At the close of the plaintiff's case-in-chief a directed verdict was entered in favor of the appellants, except for Stacey-Rand of Indiana, Inc. on the first three counts of the plaintiff's second amended complaint. Stacey-Rand of Indiana, Inc.

was found liable on these counts and was ordered to pay the plaintiffs $60,600. Count IV of the plaintiff's complaint previously had been decided in favor of all the appellants on a motion for summary judgment. Therefore, only Counts V and VI of the second amended complaint remained to be litigated. Both these counts were equitable claims requesting the court to pierce the corporate veil of Stacey–Rand of Indiana, Inc. and find James J. Heeren and Sons, Inc. and James Heeren liable for the judgment entered against Stacey–Rand of Indiana, Inc. The appellants first contend the trial court committed reversible error in failing to dismiss the jury upon their motion at that time.

■ This court has recognized that there are cases where, to prevent fraud or injustice, it is necessary to disregard the fiction of distinct corporate existence, and to hold as a *matter of equity* that such separate legal entity does not exist. *Clark Auto Co., Inc. v. Fyffe* (1954), 124 Ind.App. 222, 227, 116 N.E.2d 532, 535. *See also, Merchants Nat'l Bank v. H.L.C. Enterprises, Inc.* (1982), Ind.App., 441 N.E.2d 509, 514; *Hart, Shaffner and Marx v. Campbell* (1941), 110 Ind.App. 312, 320, 38 N.E.2d 895, 899; *Feucht v. Real Silk Hosiery Mills, Inc.* (1938), 105 Ind.App. 405, 411, 12 N.E.2d 1019, 1021. It is a well known tenet that a plaintiff is not entitled to a jury trial when claiming a cause in equity. However, a defendant in a suit in equity has no constitutional right to a trial by the court without a jury, and rarely, if ever, can the submission of an issue to a jury be deemed a ground of error. 27 Am.Jur.2d § 238. Therefore, while the plaintiff's request to pierce the corporate veil of Stacey–Rand of Indiana, Inc. was equitable by nature, the trial court was not under an absolute duty to dismiss the jury before proceeding with the trial.

*Issue Two*

The appellants next contend that the jury verdict finding both James J. Heeren and Sons, Inc. and James Heeren liable to John Holman was contrary to law and was not supported by sufficient evidence. When a

judgment is challenged as being contrary to law this court must affirm the judgment of the trial court unless the evidence is without conflict and leads to only one conclusion and the trial court has arrived at a different conclusion. *Burger Man, Inc. v. Jordan Paper Products, Inc.* (1976), 170 Ind.App. 295, 316, 352 N.E.2d 821, 835. If there is any substantial evidence of probative value to support the findings and conclusions of the trial court, the judgment will not be disturbed. *Parrish v. Terre Haute Sav. Bank* (1982), Ind.App., 431 N.E.2d 132, 139.

■ Indiana courts are reluctant to disregard corporate identity, but will do so to protect innocent third parties from fraud or injustice. *Extra Energy Coal Co. v. Diamond Energy* (1984), Ind.App., 467 N.E.2d 439, 441; *Merchants Nat'l Bank,* 441 N.E.2d at 514; *Clark Auto,* 124 Ind. App. at 227, 116 N.E.2d at 535. While no one talismanic fact will justify with impunity piercing the corporate veil, a careful review of the entire relationship between various corporate entities, their directors and officers may reveal that such an equitable action is warranted. *Burger Man,* 170 Ind.App. at 316, 352 N.E.2d at 834. In the present case there was evidence before the jury that Jim Heeren was associated with the following corporations: Stacey–Rand, Inc., Stacey–Rand of Indiana, Inc., James J. Heeren and Sons, Inc., James J. Heeren and Associates, Inc., Stacey–Rand of Joliet, Inc., Stacey–Rand of LaSalle County, Inc., and Stacey–Rand of Effco, Inc. Further evidence indicated that the principal officers of these corporations were all composed of various combinations of Heeren, his wife, Patricia, and his son, Randy. Furthermore, Heeren was apparently in exclusive control of these corporations. The letterhead used in correspondence between Heeren and Holman listed corporations other than Stacey–Rand of Indiana, Inc. and indicated that the business office of all listed corporations was the same. Other evidence presented indicated that Stacey–Rand of Indiana was not incorporated under the laws of the State of Indiana at the time of the sale pertinent to this action. Additionally, while separate

books were kept for each corporation discussed, there is evidence which tends to show that Stacey–Rand of Indiana was substantially undercapitalized.

In *Clark Auto*, this court stated:

"The whole record herein indicates the business of these corporations was conducted in such amanner [sic] that innocent third parties had no way of knowing with which they were dealing.... Under such circumstances it would be an open invitation to fraud and injustice to say appellant can now escape liability because it asserts the latter corporation made the sale. The law will not tolerate such chicanery."

124 Ind.App. at 230, 116 N.E.2d at 536. In a later case, this court indicated that where a corporation was a wholly owned subsidiary with identical principal corporate officers, these facts alone might provide sufficient evidence for piercing the corporate veil. *Merriman v. Standard Grocery Co.* (1969), 143 Ind.App. 654, 659, 242 N.E.2d 128, 131. Clearly the present case provides greater evidence in favor of piercing the corporate veil than the minimal requirements suggested in *Merriman*. As in *Clark Auto*, the evidence herein tends to show that the appellants conducted their various business entities in such a way so as to cause confusion in the mind of any person attempting to deal with any one of these entities. Therefore, it cannot be said that the evidence presented leads solely to a result different from that reached by the jury, nor can it be said that Holman failed to present probative evidence tending to support the jury verdict. The jury verdict is neither contrary to law nor inadequately supported by the evidence.

Affirmed.

CONOVER, P.J., and ROBERTSON, J., concur.